31, 35, is all-fours with this case, and fully sustains the ruling of the court excepted to. See also Morawetz Priv. Corp., §§269, 300, 301, 302, 306 to 308, inclusive. The cases of *Hendrix vs. The Academy of Music*, 73 *Ga.*, 437, and *Academy of Music vs. Flanders Bros.*, 75 *Id.*, 14, cited and relied on by plaintiff in error, are not in point; they deal with a different and distinct class of questions from those made by this defence.

The defence pleaded, that there was no such corporation as plaintiffs, as " contemplated by law, and that it has no such legal existence as will authorize it to sue or be sued, and its effort to be chartered is contrary to law and the constitution of this state," and therefore defendant denies its existence as a legal corporation, and prays it may be put on proof thereof, seems, upon the production of the charter in evidence, to have been abandoned in the court below, as it certainly was in this court, and need not be noticed further than to remark that its allegations are so vague, general and uncertain as to make no question upon which issue of law or fact could be taken.

Judgment affirmed.

---

THE ATLANTA AND CHARLOTTE AIR-LINE RAILWAY *vs.* HARRISON & BROTHER.

1. Under the provisions of §3369(a) of the Code for perfecting service on a railroad company which has leased its line by sending a letter " to the president of the leasing company," and serving the depot agent of the lessee, the lessor is "the leasing company," and the letter should be sent to its president.

(*a.*) Whether service on the superintendent of the lessee company is equivalent to service on its depot agent is not decided, there being no exception to the ruling of the court to the contrary.

2. The court having held that service had not been perfected, there was no error in continuing the case in order to allow it to be done.

March 23, 1886.

Railroads. Service. Words and Phrases. Continuance. Leases. Before Judge HAMMOND. Fulton Superior Court. October Term, 1885.

Reported in the decision.

HOPKINS & GLENN, for plaintiff in error.

GEORGE T. FRY; HOKE SMITH, for defendants.

BLANDFORD, Justice.

The plaintiffs in error leased their road property and franchises to the Richmond and Danville Railroad Company. The defendants in error brought their action against the plaintiffs in error for neglect and failure on their part to receive and transport certain wood which had been cut and placed on the line of their road before said lease. The defendants in error sought to serve the plaintiffs in error, and a letter was directed and forwarded, as provided by section 3369(a) of the Code, to the president of the company, and the writ and process was served on the superintendent of the Air-Line Division of the Richmond and Danville Railroad Company, which is the lessee company, plaintiffs in error being the lessor company. The defendants in the court below moved to dismiss the action because there was no sufficient service under section 3369(a) of the Code, inasmuch as by that section (as they contended) the notice should have been forwarded to the president of the lessee company, and not to the president of the lessor company, and that the writ and process should have been served on the depot agent of the lessee company. The court held that the service was proper on the president of the lessor company, but the same was insufficient because the declaration and process was not served on a depot agent of the lessee company, but allowed the case to be continued for the purpose of enabling the plaintiffs to perfect service. This decision is excepted to by the defendant, and it brings the case here on error assigned on said exception for review. The plaintiffs in the court below made no exception to the ruling of the court.

1. Was the court right in holding that the words " such leasing company " meant the lessor company ?

We think that he was right in so holding. To lease is to let, to farm out, to rent ; the participle leasing is derived from this verb to lease, and hence it means, when used as is mentioned in the statute, " leasing company," the company which has let, farmed out or rented its property to another. Whether the court was right or wrong in holding that the service made on the superintendent of the lessee company was insufficient, we express no opinion, as the defendant in error filed no exception to the ruling.

2. We do not think that the court committed any error in continuing the case and allowing the plaintiffs in the court below further time to perfect service, as has been frequently decided by this court. See *Mitchell vs. Southwestern R. R.*, 75 *Ga.*, 398, and the cases cited in the opinion.

Judgment affirmed.