### ROFF *et al. v.* TOWN OF CALHOUN *et al.*

A solicitor-general has no authority, after the expiration of twenty days from the date of the service upon him of the notice provided for by the act of December 6, 1897, relating to "the confirming and validating of" bonds, to file the petition by this act prescribed; and such a petition, if filed too late, can not be made the basis of any valid judicial action.

Argued April 28,—Decided May 12, 1900.

Validation of bonds. Before Judge Fite. Gordon superior court. February 15, 1899.

*R. J. & J. McCamy* and *Harkins & Dodd,* for plaintiffs in error. *S. P. Maddox, solicitor-general, Starr & Erwin,* and *Cantrell & Ramsaur,* contra.

LUMPKIN, P. J. On the 6th day of December, 1897, the General Assembly passed an act "to provide for the confirming and validating of all bonds which may hereafter be issued for

counties, municipalities, or divisions, under paragraphs 1 and 2,
section 7, article 7 of the constitution of 1877, and for other
purposes." In the first section it is declared, in substance,
that whenever, in any county, municipality, or other political
division of this State, an election shall be held for the purpose
of determining whether or not there shall be an issue of bonds,
the authorities charged with the duty of declaring the result
thereof must, in case the returns of the election show prima
facie that it was in favor of the issuance of bonds, notify the
solicitor-general of the facts relating to the holding of such
election and its result. The next section in explicit terms de-
clares that, "within twenty days from the date" of such service
upon the solicitor-general, he shall prepare and file in the office
of the clerk of the superior court of the county in which the
election was held a petition in the name of the State and against
the county, municipality, or other division desiring to issue
bonds, setting forth all the facts in the case. Thereupon the
judge must issue an order requiring the defendant to show cause
why the bonds in question should not be confirmed and validated.
The act further provides for the service of such petition, for
the making of parties thereto, and for the hearing of the same.
See Acts 1897, pp. 82-85. The manifest purpose of this act is
to obtain, in the cases therein provided for, a judicial determina-
tion of the question whether in each particular instance the
issuance of bonds has been duly authorized. The proceedings
contemplated being purely statutory, strict compliance with the
provisions of the act is, in any given case, essential.

An election was held in the Town of Calhoun for the purpose
of determining whether or not certain bonds should be issued.
It was duly declared that the election resulted in favor of the
issuance of the bonds, and the notice required by the act was
given to the solicitor-general. This official filed a petition the
object of which was to test the validity of the bonds in accord-
ance with the provisions of the act under consideration. The
record, however, affirmatively discloses that this petition was
not filed in the office of the clerk of the superior court until after
the lapse of more than twenty days from the date of the service
upon the solicitor-general. At the final hearing the judge of

the superior court passed an order declaring the bonds valid, and the case is here for review. Several questions are made in the bill of exceptions and were argued here, but in the view we take of the case, it is controlled by the proposition announced in the headnote. As the solicitor-general failed to file the petition within the time prescribed by law, we hold that the entire proceeding and its result should be treated as mere nullities. The only authority conferred upon the State's officer for filing the petition at all was that given by the act, and it was not within his power or discretion to deviate from its terms. The provision requiring him to file the petition within twenty days from the date of service upon him was not merely directory, but mandatory. After the expiration of the twenty days, he had no right or authority to file any petition at all. If he could delay so doing for one day after the termination of the limit fixed by the statute, he could as well delay ten days, or one hundred days, one year, or any other length of time. The scheme of the act contemplated a speedy determination of the question whether or not the superior court should validate or refuse to validate any particular issue of bonds. It results that the judgment declaring the bonds issued in this particular instance valid, was itself without validity and must be set aside. The question whether the provisions of the act of 1897 must be complied with in every case of an election for bonds, in order to give validity to the same, is not made and we do not undertake to decide it. We simply place our judgment of reversal upon the proposition that, in the present instance, there was no lawful petition upon which any valid or binding judicial action could be predicated.

*Judgment reversed. All concurring, except Fish, J., absent.*