### WIMBERLY *et al. v.* COUNTY OF TWIGGS *et al.*

The record discloses that all the requirements of the statute in relation to notice, and providing for an election by the qualified voters of Twiggs county to determine the question whether bonds to build a court-house and jail for said county should be issued, were either literally or substantially complied with. On the hearing no error was committed by the trial judge ; and no legal reason has been made to appear why the judgment validating such bonds is erroneous.

Argued May 19,—Decided July 24, 1902.

Validation of bonds. Before Judge Roberts. Twiggs superior court. March 31, 1902.

*H. B. Wimberly,* for plaintiffs in error. *J. F. DeLacy, solicitor-general, L. D. Shannon, Hall & Wimberly,* and *J. E. Hall,* contra.

LITTLE, J. A hearing was had before the judge of the Oconee circuit, on the petition of the solicitor-general of that circuit, to validate certain bonds which were proposed to be issued by the County of Twiggs. The petition was brought and proceedings therefor had under authority of the act approved December 6, 1897 (Acts 1897, p. 82). In accordance with the terms of that act, J. L. Wimberly and other citizens of Twiggs county intervened and sought to prevent their validation. At the hearing the judge passed an order validating the bonds, and to this order the intervenors excepted. After due consideration, we are of the opinion that all the requirements of the act of 1897 were either literally or substantially complied with. Certainly the superior court of Twiggs

county was the only court which had jurisdiction to validate the bonds, and the fact that the hearing was had before the judge on a day other than that named in the published notice does not render the judgment illegal, when it further appears that the case was regularly continued by the court from the day named in the publication to the day on which the hearing was had. The object of the publication is to inform citizens, whose interests are to be affected, of the time when the case is set to be heard. When on the day so fixed any good reason appears therefor, such a case, like others, is subject to a postponement or continuance, of which no one but the parties present on that day can justly complain.

It is contended by the intervenors that the notice calling the election is illegal, void, indefinite, vague, and uncertain, for a number of reasons; among others, because it does not state with sufficient definiteness what date the bonds were to bear, nor when they will fall due, nor when the last bond will mature ; nor does it show that the bonds will be paid off within thirty years; nor does it state that any provision has been made to pay off the bonds when they become due ; no price is given at which the bonds are to be sold; no order or authority is given for publishing the notice; the notice does not state what amount of principal and interest is to be paid each year, and what time of the year each is to be paid ; and no date appears to the notice. After a careful consideration of the questions presented, we are of opinion that there is no merit in any of them. The notice distinctly stated that the election would be held on March 6, 1902, to determine the question whether the bonds should be issued. The purpose expressed was the building and furnishing of a court-house and jail for Twiggs county. It appeared in evidence that this notice had been published in the manner, and for the time prior to the election, which the act prescribed. The notice declares that the amount of the bonds shall be $25,000 ; that they shall bear interest at the rate of four and one half per cent., and be of the denomination of $1,000 each. It is then distinctly stated: " One of said bonds to become due and payable, both principal and interest, at the expiration of twelve months from date of issue ; one of said bonds, both principal and interest, to become due and payable each successive 12 months as per number which shall be from 1 to 25, both inclusive, and the interest on the whole to be paid annually." Here the rate of interest is given, the amount

of the principal set forth, and the notice clearly contemplates that the entire issue shall be paid off in twenty-five years; for there are to be twenty-five bonds, numbered from 1 to 25, and one of these with interest, together with the interest due on the "whole issue," is to be paid twelve months after the date of issue, and one with such interest each succeeding twelve months thereafter. It is further stated that $19,500 of the amount derived from the sale of the bonds is to be applied to the building and furnishing of a court-house, and $5,500 to the building and furnishing of a jail. Evidently it is contemplated that the issue shall be sold at par; otherwise the $25,000 provided in the notice would not be raised. We think the notice sufficiently states that the entire issue shall be paid within thirty years. It is true that the notice does not state the date the bonds are to bear, and from the nature of the case this could not be expected, because the bonds were not then issued. They were to be thereafter issued, and the exact date of the issue was subject to such contingencies as that it would have been impossible to fix such date beforehand. The contemplation of the law undoubtedly is that the county, city, or town which has been authorized to issue bonds will in good faith proceed within a reasonable time to exercise the privilege which the voters have granted for the public purpose intended to be accomplished. Nor does the statute require that provision shall be made for raising a revenue by taxation to pay off the principal and interest of the bonds as they become due, until the date of the issue of such bonds. We know of no requirement of law which renders the notice invalid because the price at which the bonds will be sold is not stated therein. The notice is signed by the persons who are the commissioners of roads and revenues of Twiggs county, which we think is sufficient. The fact that such notice bears no date, when it appears that it was made and published prior to the election, for the time required by the statute, does not affect its validity. Nor do we find any error in the rulings of the court on any of the other questions made by the intervenors. The issuance of bonds by a county or city is an important matter, and the legality of such issue must depend on the wishes of the qualified voters of such county or city desiring to make the issue. In the present case, as far as the matter of the issuance of the bonds by Twiggs county has progressed, it seems that the statute has been substantially complied with in all respects.

We have not given an extended notice in detail to all the points made by the intervenors, but have given them careful consideration, and find that no error of such materiality as affects the order of validation appears in the record and judgment of the court below.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*