ROUNTREE *v.* RENTZ, mayor.

After a judgment validating an issue of municipal bonds, rendered in accordance with the terms of the act approved December 6, 1897 (Acts 1897, p. 82; Van Epps' Code Supp. §§ 6074 et seq.), an injunction will not lie to restrain the sale of the bonds on the ground that the notice of the election to authorize their issuance was not published the number of times required by the statute.

Submitted March 15, — Decided March 30, 1904.

Petition for injunction. Before Judge Evans. Emanuel superior court. January 8, 1904.

*Alfred Herrington* and *Augustus F. Lee*, for plaintiff.
*F. H. Saffold* and *W. W. Larsen*, for defendant.

CANDLER, J. The bill of exceptions complains of the denial of a petition for injunction to restrain the sale by the City of Swainsboro of bonds issued for the purpose of defraying the expense of building a schoolhouse. The case was tried in the court below on an agreed statement of facts, which was as follows: "On October 7, 1901, the mayor and council of the City of Swainsboro enacted an ordinance providing for an election to be held on November 7, 1901, authorizing the issuance of $12,000.00 bonds, to build and equip a schoolhouse for Swainsboro. The election was held in pursuance of the ordinance, and resulted in a vote of 83 for bonds and 10 against bonds, more than two thirds of the qualified voters of said city having voted for bonds. Within the time prescribed by law, the mayor and council of the City of Swainsboro notified B. T. Rawlings, solicitor-general of the Middle circuit (which judicial circuit embraces Swainsboro), of the result of said election, and said solicitor-general in terms of the statute filed a proceeding to validate said bonds, complying in every particular with said statute; and on December 23, 1901, his honor B. D. Evans, judge of the superior courts of the Middle circuit, passed an order validating said bonds, said order specifically set out in the answer."

On hearing the petition for injunction the plaintiff offered to prove that the advertisement of the notice of election was inserted in the newspaper only twice, instead of once a week for four weeks, as provided by the statute. "The defendant admitted the truth of the evidence offered, but objected to the admissibility of the same, on the ground that plaintiffs could not go behind the judgment of validation." With this view the court concurred,

and held that the judgment of validation "is res adjudicata of the question raised, and is conclusive as to all matters involved."

From the foregoing it will be seen that the sole question for our determination is as to the conclusiveness upon the taxpayer of a judgment, rendered in accordance with the provisions of the act approved December 6, 1897 (Acts 1897, p. 82; Van Epps' Code Supp. §§ 6074 et seq.), validating county or municipal bonds. In our opinion this question is absolutely settled by the decision of this court in the case of *Epping* v. *Columbus*, 117 *Ga.* 280, where it was said: "The act of 1897 . . provides a method of ascertaining, before the bonds are issued and the debt incurred, whether the municipality or county can lawfully incur a debt of the amount sought to be incurred, and for the purpose for which it is to be incurred, and whether the assent of the qualified voters has been obtained *in the manner required by law.* A judgment of the superior court validating an issue of bonds concludes the municipality, its citizens, and every one else, on all the questions above referred to, as well as on all other questions which the constitution and laws require to be determined before authority is granted to a municipality to incur a debt. One who holds a bond stamped as validated in compliance with the provisions of the act of 1897 has a right to presume, not only that the municipality had authority to incur the debt for the purpose for which the bond was issued, but also for the amount represented by the bonds issued, as well as that the consent of the qualified voters had been obtained to the issue, in the manner prescribed by law." In the present case it was agreed that all the proceedings leading up to the judgment of validation were regular, and that the law in regard thereto was complied with in every respect. It follows, therefore, that no taxpayer can go behind that judgment and obtain an injunction against the issuance and sale of the bonds on the ground that the notice of the election to authorize the bonds was not published as required by law. If that question could be raised now, it could just as well be raised twenty years after the issuance of the bonds and when they became due. To allow this to be done would be absolutely to set at naught the statute under which the validation proceedings were had. The evident purpose of the statute was to set at rest, once and for all, by the medium of a judicial determination before the bonds are issued, all ques-

tion as to the regularity and legality of the proceedings had prior to the rendition of that judgment. The advantage thus gained in securing for municipal and county bonds a ready sale at favorable prices is obvious; and that the act of 1897 was passed for the special purpose of facilitating the sale of such bonds when issued can scarcely be doubted. The wisdom of a policy which has a tendency to encourage small and struggling municipalities to rush blindly into debt, in order to erect expensive public buildings and to secure metropolitan comforts and conveniences, is open to grave question; but that is not germane to the present discussion. Swainsboro wants a fine schoolhouse, and has voted an issue of bonds for the purpose of satisfying that want. The General Assembly has provided a method by which the legality of the bonds and the regularity of the proceedings by which their issuance was authorized may be by a solemn judgment forever settled. This method, it is agreed, has been pursued in the present case in terms of the law; and the plaintiff can not now call in question the validity of the election by reason of the alleged failure to advertise it in the manner required by the statute.

*Judgment affirmed. All the Justices concur.*