## OLIVER *et al. v.* CITY OF ELBERTON.

1. Where, in accordance with the act of 1897, proceedings were instituted by the solicitor-general of a circuit for the purpose of having a judgment entered confirming and validating bonds of a municipal corporation, to be issued under an election which had been held for that purpose, and at the time set for the hearing it appeared that the notice of such time and place, required by the act to be published twice, had been published only once, but the city had been served with the rule, and by its proper officers had made answer thereto, the court was not without jurisdiction of the cause, but could lawfully continue the hearing to another time and require proper publication to be made.

2. Before bonds can be legally issued by a municipal corporation, provision must be made for the assessment and collection of an annual tax sufficient in amount to pay the principal and interest of the debt within thirty years. It was not a compliance with the law to provide for the levy of an annual tax sufficient to pay the interest and also to raise a sum each year which would amount in the aggregate to less than the principal, and to create a sinking fund to be loaned by commissioners at interest, with a view of increasing the amount to a sufficiency to pay the indebtedness, but providing that any deficiency should be met by taxation in the year in which the bonds would fall due.

3. If an illegal provision in regard to providing by taxation for the payment of bonds sought to be issued by a municipality formed a part of the call for an election or the notice thereof or the authority for holding such an election, so as to affect the election itself with illegality or to show that it was held on the basis of such an illegal provision, the judge of the superior court should refuse to confirm and validate the issuance of such bonds.

4. If the election was legally held, a failure to provide for payment of the bonds before instituting proceedings to validate the issue would not prevent a judgment of confirmation and validation from being entered. But it would be necessary to make lawful provision for that purpose before the bonds were issued.

5. Where proceedings were taken for the purpose of validating municipal bonds, and it appeared from the pleadings that the election was regularly held, but that by an independent ordinance the municipality had made a provision for the payment of the bonds which was not in accordance with law, and it declared that if such provision were not lawful it desired to make a lawful one by annual taxation, and objections were filed by intervening citizens to the provision made, the court should not have ignored the issue thus presented, and have entered a judgment of con-

firmation and validation of the bonds without more, thus impliedly approving the provision made.

6. Direction is given in regard to the question raised in the manner stated in the last headnote.

Argued October 18,—Decided November 8, 1905.

Validation of bonds. Before Judge Holden. Elbert superior court. July 17, 1905.

An election was held in the City of Elberton on June 5, 1905, for the purpose of determining whether or not bonds should be issued to the amount of $20,000 for the purpose of building and equipping a sewer system, and resulted in favor of their issuance. Notice was given to the solicitor-general of the circuit, and on June 19 he filed a petition to have a judgment entered confirming and validating the bonds, under the act of 1897 (Acts 1897, p. 82). A rule was issued by the presiding judge, setting the hearing for July 4, at Elberton. Service was acknowledged by the city and its mayor and council, and they filed an answer substantially admitting the allegations of the petition. At the time set for the hearing certain citizens prayed to intervene, and were made parties by order. It appeared that the notice required to be published twice before the hearing of such a cause had been published only once in a newspaper. The presiding judge thereupon granted an order continuing the hearing and setting it for July 17, at Crawfordville. The clerk of the superior court of Elbert county was required to publish a notice of the time and place fixed for the hearing, twice in the newspaper in which the advertisements of the sheriff of the county were published, and also to publish a copy of the order twice. To this order the intervenors filed a bill of exceptions pendente lite. The city in its answer alleged that it had made provision for the payment of the bonds; and attached an ordinance passed for that purpose, which provided for the levy of a sufficient annual tax to pay the interest, and also for a sufficient tax to raise a certain amount each year, which aggregated less than the amount of the bonds, but which was to create a sinking fund to be loaned by certain commissioners, and the total amount was to be used for the payment of the bonds at maturity, if sufficient. If this amount should not be enough, then the city should levy a tax in the year 1925, sufficient to enable it to pay the bonds. The intervenors filed objections to this method of providing for payment, as being illegal.

At the hearing they also moved to dismiss the petition, on the ground that the court was without jurisdiction to try the case, because of the insufficiency of publication of notice of the hearing at the time when it was first set, and because of the continuance of the hearing to a time more than twenty days after the filing of the petition. The motion was overruled, and a judgment was entered confirming and validating the bonds. The intervenors excepted.

*VanDuzer & Tutt,* for plaintiffs in error.
*Joseph N. Worley,* contra.

LUMPKIN, J. (After stating the facts.) 1. Two points are made in this case. First it is argued, that, inasmuch as the notice of the time and place set for the hearing of the petition to validate the bonds had been published only once, instead of twice as required by law (Acts of 1897, p. 82, sec. 6), when the time arrived, the court was without jurisdiction and could not continue the hearing or require proper publication to be made, but the entire proceedings went for naught. This point is controlled in principle by the decision in *Wimberly* v. *County of Twiggs,* 116 *Ga.* 50, 51, where it is said: "Certainly the superior court of Twiggs county was the only court which had jurisdiction to validate the bonds, and the fact that the hearing was had before the judge on a day other than that named in the published notice does not render the judgment illegal, when it further‎ appears that the case was regularly continued by the court from the day named in the publication to the day on which the hearing was had. The object of the publication is to inform citizens, whose interests are to be affected, of the time when the case is set to be heard." This shows that the proceeding is, like a case, subject to continuance from the day first fixed to a later date, and that the court does not lose jurisdiction because the hearing is not had at the time first fixed. Here the municipal corporation had been served with the rule and had answered, and the plaintiffs in error had appeared and been made parties. The court was not wholly without jurisdiction, and had authority to reassign the hearing for another time and place by order, and to cause a new publication to be made reciting the continuance and giving notice of such time and place. In *Roff* v. *Calhoun,* 110 *Ga.* 806, no petition for the purpose of validating the bonds there concerned was filed until after the lapse of the time allowed by the statute for

beginning such proceedings, and it was held that it was then too late to file it.

As to the general power to continue cases to have service perfected, where jurisdiction has been acquired, see 4 Enc. Pl. & Pr. 832; *Atlanta & Charlotte Air-Line Ry.* v. *Harrison,* 76 *Ga.* 757; *Allen* v. *Mutual Loan & Banking Co.,* 86 *Ga.* 74; *Lassiter* v. *Carroll,* 87 *Ga.* 731.

2-6. It is urged that the court erred in passing an order validating the bonds, because provision had not been made for their payment as required by law, and the pleadings and evidence showed that the ordinance actually passed for that purpose was not in accordance with law. Before bonds can be legally issued, such a provision must be made; and their issuance may be enjoined if an attempt be made to issue them without it; or mandamus may be resorted to in a proper case. But it has been held that the making of such a provision is not necessary before a proceeding to validate the bonds can be had. *Epping* v. *Columbus,* 117 *Ga.* 263-280. It is true that the following language was used in the decision (p. 281): "If when the application is made to validate the issue of bonds it appears to the judge, either from the pleadings or otherwise, that the authorities of the municipality or county do not intend to make provision for the payment of the bonds in the manner required by the constitution, of course he should not render a judgment validating the issue of bonds." In that case it was alleged as an objection that no provision had been made, and this was held not to render the validation improper. The sentence quoted above was really an *obiter dictum;* but construed in the light of the authority cited in support of it, and when correctly limited, it was sound. The authority cited was *Wilkins* v. *Waynesboro,* 116 *Ga.* 359. In that case, there was an unconstitutional clause in the act of the legislature authorizing the issuing of bonds; and the ordinance calling the election and the notice required to be given under the act of 1897 contained illegal provisions. Thus the election itself was tainted with illegality, and no bonds could be issued under it. If the foundation had been legal and the election proper, on a proceeding to validate the bonds, it has been seen that the failure to show the making of a provision for payment would not cause the refusal of a judgment of validation. In the case at bar it is not claimed that the ordinance calling the election, or the notice given,

contained any illegality which infected the election. In fact the ordinance calling the election is not in the record. The municipal authorities did at some time, which does not clearly appear, pass an ordinance providing for payment of interest by taxation and the creation of a sinking fund to pay off the bonds at maturity by levying taxes annually, aggregating less than the principal sum, and lending out the amount at interest. This plan was not in accordance with the constitution (art. 7, sec. 7, par. 2), and was illegal. Civil Code, § 5894. The question is whether this independent ordinance should have the effect of practically overthrowing the election, or whether, if all the steps necessary to a judgment validating the bonds were taken, the bonds should be validated, but this ordinance be declared void, and the city be allowed to make proper provision for payment according to law, before issuing the bonds. The city in its answer set out the plan for making payment which this ordinance embodied; and added that if this were not a constitutional provision, it would pass an ordinance providing for a sufficient annual tax for the payment of the principal and interest of the bonds. Objections were filed by the plaintiffs in error, and the judgment merely confirms and validates the bonds, saying nothing as to the point so raised. Standing thus, the judgment would seem to include an approval of this provision for payment. While we think that the entire result of the election should not be destroyed by reason of this illegal ordinance, still it should not be approved even by implication. We therefore affirm the judgment, but direct that it be amended by declaring the provision for payment set up not to be legal, and that provision for payment must be made according to law before the bonds are issued. No claim is made that this will exceed the constitutional limit of indebtedness which the city may incur, and we therefore presume that it will not do so.

*Judgment affirmed, with direction. All the Justices concur.*