## THOMAS *et al.* v. CITY OF BLAKELY *et al.*

1. Where an election, held to determine whether municipal bonds should be issued, resulted in favor of such issuance, and the bonds were duly validated in accordance with the Civil Code (1910), §§ 445 et seq., citizens and taxpayers who could have made themselves parties to the proceedings to validate the bonds, but failed to do so, were concluded by the judgment rendered, and could not thereafter enjoin the collection of a tax to pay the interest and part of the principal falling due, on the ground that some of the bonds were for a purpose not authorized by the constitution.

2. Where the petition filed by the solicitor-general for the purpose of validating certain municipal bonds, in accordance with the Civil Code (1910), § 446, omitted to state how much principal and interest was to be paid annually and when the bonds were to be paid in full, but no

objection was made in that proceeding to the sufficiency of the petition, and attached to the answer of the city as an exhibit was a copy of the ordinance providing for the issuance of the bonds, which showed the facts referred to above, so that it appeared from the record that provision on that subject was made, after judgment of validation the omission of the allegation above mentioned from the petition of the solicitor-general will not serve to render the entire proceeding void, or to authorize an injunction to prevent the payment of the bonds.

3. Before the validation of bonds sought to be issued by a municipality an ordinance was passed which declared that "there shall be and is hereby assessed, upon all taxable property of said city, tax of such percentage as will cause the amount so raised to equal all of the principal and interest to be due on said indebtedness on and up to the first day of January next succeeding the day of such levy, and said tax shall be collected on and before such first day of January in the same manner as other ad valorem taxes shall be collected in said city; and all sums so collected shall be appropriated to the payment of the principal and interest of said bonded indebtedness, and not otherwise." This appeared from an exhibit to the answer of the city in the validation proceedings, and was treated as providing for an annual tax, and the municipal authorities in fact proceeded to levy an annual tax for the purpose of paying the interest on the bonds and the principal of one which would become due on the first of the following January. *Held,* that the mere omission of the word "annual" from the general ordinance in regard to making provision for the payment of the principal and interest of the bonds furnished no ground for enjoining the collection of the tax in a particular year for the purpose mentioned.

MARCH 10, 1914.

Petition for injunction. Before Judge Worrill. Early superior court. January 12, 1914.

*Little, Powell, Hooper & Goldstein,* for plaintiffs.

*L. M. Rambo, W. G. Park, B. T. Castellow,* and *Candler, Thomson & Hirsch,* for defendants.

LUMPKIN, J. The plaintiffs in error, as citizens and taxpayers of Blakely, by equitable petition sought to enjoin the payment of certain bonds of that city, which had previously been validated under the Civil Code (1910), §§ 445 et seq., and issued, and to have them declared void. The injunction was denied, and the plaintiffs excepted. One ground of the attack made on them was that bonds to the par value of $8,000, out of a total of $60,000, were issued for the purpose of paying off the current indebtedness of the city, and so showed on their faces.

1. Whether or not this point could have been successfully urged on objection to the validation of the bonds sought to be issued for that purpose, the judgment of validation was conclusive on the

city, and the present plaintiffs, who were citizens and taxpayers, that the bonds were valid. If the plaintiffs failed to become parties to the proceedings to validate the bonds, and to set up this objection to the entry of the judgment, as they could have done, they will not now be heard to go behind it and complain. Civil Code (1910), § 448; *Epping* v. *City of Columbus,* 117 *Ga.* 263, 280 (43 S. E. .803) ; *Rountree* v. *Rentz,* 119 *Ga.* 885 (47 S. E. 328) ; *Baker* v. *City of Cartersville,* 127 *Ga.* 221 (56 S. E. 249) ; *Lippitt* v. *City of Albany,* 131 *Ga.* 629 (63 S. E. 33) ; *Farmer* v. *Mayor and Council of Thomson,* 133 *Ga.* 94 (5), 95 (65 S. E. 180) ; *Holton* v. *City of Camilla,* 134 *Ga.* 560, 571 (68.S. E. 472, 31 L. R. A. (N. S.) 116, 20 Ann. Cas. 199). *Mayor etc. of Macon* v. *Jones,* 122 *Ga.* 455 (50 S. E. 340), and *Hogan* v. *State,* 133 *Ga.* 875 (67 S. E. 268), both arose on objections in the course of validation proceedings.

2. In the Civil Code (1910), § 446, certain duties of the solicitor-general, or attorney-general, as to filing a petition in regard to the validation of municipal bonds, are prescribed. It is declared that he shall file in the office of the clerk of the superior court a petition in the name of the State against the municipality, setting forth the notice provided by the preceding section, the name of the municipality seeking to issue the bonds, the amount of the bonds, for what purpose they are to be issued, what interest they are to bear, "how much principal and interest to be paid annually, when to be paid in full," etc. In the present case the petition filed by the solicitor-general did not specify how much principal and interest was to be paid annually and when the bonds were to be paid in full. It stated that it was brought under section 445 of the Code. The answer of the city had attached to it as an exhibit a copy of the ordinance providing for the issuing of the bonds, and this made full provision in regard to the point mentioned. The omission in the petition filed by the solicitor-general was an irregularity; and if objection in the nature of a special demurrer had been raised in the course of the proceeding to validate the bonds, fuller allegation on the subject would have been required. But no such objection was then raised, and the record shows on its face the provision which was made by the city on the subject. Under such circumstances, the judgment of validation will not be treated as void because of such omission. *Wimberly* v.

*Twiggs County,* 116 *Ga.* 50 (42 S. E. 478); *Rhodes* v. *City of Louisville,* 121 *Ga.* 551 (49 S. E. 681); *Lippitt* v. *City of Albany,* supra. In *Roff* v. *Town of Calhoun,* 110 *Ga.* 806 (36 S. E. 214), the proceeding to validate was not filed within the time required by the statute, and when it was filed objection was raised to it. This was jurisdictional, and not a matter of lack of fullness in pleading.

3. It was further contended, that, at or before the time of incurring the indebtedness, the city did not provide for the assessment and collection of an annual tax sufficient in amount to pay the principal and interest of the debt, and therefore that the issuance of the bonds was in violation of article 7, section 7, paragraph 2, of the constitution of the State. The paragraph cited provides that any county, municipal corporation, or political division of the State, which shall incur any bonded indebtedness, "shall, at or before the time of so doing, provide for the assessment and collection of an annual tax, sufficient in amount to pay the principal and interest of said debt within thirty years from the date of the incurring of said indebtedness." Before the issuance of these bonds or their validation, an ordinance was passed which recited the amount of the bonds to be issued and the annual interest which they were to bear, the submission of the question to the voters, the result of the election in favor of the issuance of the bonds, and the fact that the city was about to incur the indebtedness. It then proceeded: "Now, therefore, there shall be and is hereby assessed, upon all taxable property of said city, tax of such percentage as will cause the amount so raised to equal all of the principal and interest to be due on said indebtedness on and up to the first day of January next succeeding the day of such levy, and said tax shall be collected on and before such first day of January in the same manner as other ad valorem taxes shall be collected in said city; and all sums so collected shall be appropriated to the payment of the principal and interest of said bonded indebtedness, and not otherwise." Each of the bonds contained a recital "that provision has been made by said city, as provided by law, for the levy and collection of taxes for the payment of principal and interest on this bond as and when the same shall become due." The municipal authorities in fact levied a tax in the year 1913 for the purpose of paying the interest on the bonds and the principal of one bond

which would become due on January 1st next thereafter. In the answer of the city it was alleged, that, if there were any deficiencies or errors in the method of levying the tax, the governing body of the city stood ready to pass such curative ordinance or ordinances as would be necessary to correct the defect and make the provision for the payment of the bonds. If the ordinance which was passed in reference to making provision for the payment of the principal and interest had used the expression "an annual tax of such percentage," etc., instead of "tax of such percentage," there would probably have been no controversy as to its sufficiency. But the statement in the ordinance that a tax of such percentage should be assessed as would cause the amount so raised to equal all of the principal, and interest "to be due on said indebtedness on and up to the first day of January next succeeding the day of such levy," shows quite plainly that an annual tax was contemplated, and in the answer of the city to the petition filed for the purpose of validating the bonds reference is made to the provision as one for the collection of "an annual tax," thus showing the construction which was placed upon the ordinance by the city itself. It appears that the bonds have been sold to bona fide holders.

It has been intimated by this court, though not directly held, that if bonds have been sold and the money received by the municipality, and no provision has been made for their payment, the city authorities may be compelled to make provision for their payment in the manner prescribed by law. *Epping.* v. *City of Columbus,* supra; *Oliver* v. *City of Elberton,* 124 *Ga.* 64, 67 (52 S. E. 15). Certainly, after the bonds have been validated and sold, and the municipal authorities are in good faith proceeding to assess and collect annually a tax in order to pay them, the mere omission of the word "annual" from the original ordinance, if it creates any ambiguity at all, will furnish no ground for enjoining the collection of the tax to make the payment.

<div style="text-align:center">

*Judgment affirmed. All the Justices concur.*