CRAWLEY *v.* STATE OF GEORGIA *et al.*

ATKINSON, J. An act approved August 16, 1915 (Acts 1915, p. 411), was entitled: " An act to create the office of commissioner of roads and revenues of the County of Ware; to provide for his election and for his recall; to define his duties and provide for his compensation; to provide for a clerk for said commissioner; to provide for the proper supervision of his acts and the auditing of his books; to repeal all acts creating the commissioners of roads and revenues for said county, and all acts amendatory thereof; and for other purposes." The first section of the act provided: " That from and after the first day of January, 1916, the county affairs of Ware County shall be administered by a commissioner of roads and revenues, and for that purpose the office of commissioner of roads and revenues of Ware County is hereby created. He, acting in conjunction with the ordinary and clerk of superior court of said county, shall have such control of the county affairs generally as is now conferred by law upon the present board of commissioners of roads and revenues of said county, except as especially qualified by this act." *Held*:

1. The provision that the commissioner should act " in conjunction with the ordinary and clerk of superior court of said county," in the control of county affairs, was germane to the general purpose of the act expressed in the title, and was sufficiently comprehended by the concluding words, " and for other purposes," and the matter referring to the commissioner acting in conjunction with the ordinary and clerk was not so variant from what is expressed in the title to the act as to show that the General Assembly had no right to include the same therein. *Welborne v. State*, 114 *Ga.* 793 (5), 816 (40 S. E. 857). Accordingly the act in question does not violate art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil Code, § 6437), which provides that " No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof, " on the ground that the title to the act refers only to the creation of the office of commissioner of roads and revenues of Ware County, while the body of the act provides for the creation of the commissioner of roads and revenues, and also provides that he shall act in conjunction with the ordinary and clerk of the superior court of the county.

2. The act does not purport to add to the official duties pertaining to the office of clerk of the superior court, or of the ordinary of the county, but merely confers, upon the individuals holding those offices, power to

act in conjunction with the commissioner in respect to specified county matters, and accordingly does not contravene art. 11, sec. 3, par. 1, of the constitution (Civil Code, § 6600), which provides that "Whatever tribunal, or officers, may hereafter be created by the General Assembly for the transaction of county matters shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for the appointment of commissioners of roads and revenues in any county," on the ground that existing provisions of law prescribe and define the duties of the clerks of the superior courts and ordinaries throughout the State.

3. The act does not violate art. 1, sec. 4, par. 1, of the constitution (Civil Code, § 6391), which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law," on the ground that at the time of the adoption of the act the duties and powers of the clerks of the superior courts, and of the ordinaries of Georgia, were prescribed by existing general laws of the State.

4. The act was not violative of the constitution above quoted on account of that portion of section 259 of the Civil Code which provides: "No person shall hold, in any manner whatever, or be commissioned to hold at one time, more than one county office, except by special enactment of the legislature heretofore or hereafter made."

5. The Civil Code, § 450, regulating proceedings to validate municipal bonds, provides: "Prior to the hearing of said cause, the clerk of the superior court of the county in which it is to be heard shall publish in a newspaper, at least twice before the hearing, a notice to the public that on the day specified in the order providing for the hearing of said cause the same will be heard." Accordingly where a petition to validate bonds, as contemplated by the statute, is duly presented to the judge of the superior court of the county having jurisdiction, and a rule is issued which states a future date for the hearing of the petition, and directs publication of notice as provided by the statute, and notice is duly published, and at the time appointed for the hearing the court adjourns the hearing over to a future date, at which time the hearing is resumed, and a judgment rendered validating the bonds, the judgment is not erroneous on the ground that no proper notice was given of the adjourned hearing. *Wimberly* v. *Twiggs County*, 116 *Ga.* 50 (42 S. E. 478).

6. Applying the foregoing rulings to the facts of this case, the trial judge did not err in rendering the judgment validating the bonds.

*Judgment affirmed. All the Justices concur.*

No. 1590. APRIL 13, 1920.

Validation of county bonds. Before Judge Summerall. Ware superior court. July 26, 1919.

*J. L. Crawley* and *Jerome Crawley,* for plaintiff in error.

*A. B. Spence,* solicitor-general, *Parks, Reed & Garrett, Wilson & Bennett,* and *A. A. & E. L. Meyer,* contra.