## SPENCER *v.* CITY OF COLUMBUS.

The provision of the act of 1897 (Acts 1897, pp. 82-85), generally referred to as the validating act, and contained in section 445 et seq. of the Civil Code of 1910, which prescribes the time within which the judge of the superior court shall fix the hearing on the petition to validate an issue of municipal bonds, and the time within which he shall hear and determine the same, is directory only.

No. 1906.    JUNE 18, 1920.

Petition for injunction.   Before Judge Howard.   Muscogee superior court.   February 10, 1920.

*George C. Palmer,* for plaintiff.

*H. C. McCutchen,* for defendant.

GEORGE, J.  On July 29, 1919, an election was held in the City of Columbus, for the purpose of determining whether certain municipal bonds should be issued.   The election resulted prima facie in favor of the issuance of said bonds.   On July 31, 1919, the authorities of the city caused to be served upon the solicitor-general of the circuit the notice as provided in section 445 of the Civil Code of 1910.   Within the time prescribed by section 446, to wit, on August 1, 1919, the solicitor-general presented to the judge of the superior court of the circuit a petition to validate the bonds.   The petition was duly filed in the office of the clerk of the superior court, within twenty days from the date of the service upon the solicitor-general.   Upon the petition the judge passed an order requiring the city to show cause, on August 23, 1919, why the bonds should not be validated.   On the date named in the order (the notice required by statute having been published and the municipality having answered) the judge rendered his judgment

validating and confirming the issue of bonds as prayed. No exceptions were taken to this judgment. More than twenty days from the date of the judgment a citizen and taxpayer of the city, by petition in equity, sought to enjoin the issuance and sale of the bonds and the levy and collection of a tax to pay the same. Upon the hearing for interlocutory injunction, and in this court, it was conceded that the judgment validating the bonds, duly pleaded in bar by the city, if valid, adjudicated all the matters contained in the petition. The judgment was attacked upon the ground that the judge, having set the cause for hearing and having heard and determined the same more than twenty days after the petition of the solicitor-general was filed and presented, lost jurisdiction of the cause. The injunction was denied, and the plaintiff excepted.

Section 446 of the Civil Code declares that the solicitor-general, "within twenty days from the date" of the service of notice upon him, notifying him that a municipality has held an election to determine whether bonds should be issued, and that the election resulted prima facie in favor of the issuance of such bonds, shall prepare and file in the office of the clerk of the superior court of the county in which the election was held a petition against such municipality, and "shall obtain from the judge of said court an order requiring . . the municipality . . to show cause at such time and place, within twenty days from the filing of the petition, as the judge of the court may direct, why the bonds should not be confirmed and validated."

There is a class of cases which hold in effect that when a statute directs a person to do a thing in a certain time, without any negative words restraining him from doing it afterwards, the naming of the time will be considered as directory to him, and not a limitation of his authority. See *Horkan* v. *Beasley,* 11 *Ga. App.* 273 (75 S. E. 341) ; Pond *v.* Negus, 3 Mass. 232 (3 Am. D. 131) ; People *v.* Peck, 11 Wend. (N. Y.) 604 (27 Am. D. 104) ; People *v.* Cook, 14 Barb. (N. Y.) 290. The mere presence or absence of negative words seems to be made a test in other cases. Stayton *v.* Hulings, 7 Ind. 144; King *v.* Inhabitants of St. Gregory, 2 Ad. & El. 199. The use of negative words is very often conclusive of the legislative intent to impose a limitation; their absence is by no means conclusive that the statute was not intended to be mandatory. The rule adopted by Lord Mansfield, that whether the statute was

mandatory or not depended upon whether the thing directed to be done was the essence of the thing required, would seem to be a better one. Rex *v.* Locksdale, 1 Burr. 447. Where the provision of the statute is the essence of the thing required to be done, and by which jurisdiction to do it is obtained, it is mandatory; where the provision of the statute relates to form and manner, particularly after jurisdiction has been obtained, it is generally directory. Merchant *v.* Langworthy, 6 Hill (N. Y.), 646. It is to be noted, however, that where a power or franchise is created by statute which prescribes the mode of its exercise, or where the provision is intended for the security of the citizen, as in cases of the assessment and collection of taxes, the power must be exercised in the mode fixed by the statute, and the provision of the statute must be regarded as mandatory. Eliminating the classes of cases construing statutes of the character just above indicated, it may be said that when a statute directs certain proceedings to be done within a certain time, and the time does not appear essential to the judicial mind, the provision of the statute will be regarded as directory. Our conclusion is that the provision of the statute here considered is directory only. The general rule is that provisions of a statute which are merely directory are not to be construed into conditions precedent. Whitney *v.* Emmett, 1 Bald. 303 (Fed. Cas. No. 17585). See generally, upon the question, Potter's Dwarris on Statutes and Constitutions, 222, note 29. The conclusion reached is supported by the following Georgia cases: *Wimberly* v. *County of Twiggs,* 116 *Ga.* 50 (42 S. E. 478); *Oliver* v. *Elberton,* 124 *Ga.* 64 (52 S. E. 15); *Durrence* v. *Statesboro,* 147 *Ga.* 175 (93 S. E. 88); *Crawley* v. *State,* 150 *Ga.* 86 (102 S. E. 898). The ruling in *Roff* v. *Calhoun,* 110 *Ga.* 806 (36 S. E. 214), that the provision requiring the solicitor-general to file the petition "within twenty days from the date of" service upon him was not merely directory, but mandatory, does not conflict with the ruling here made. It was considered in that case that the filing of the petition by the solicitor-general within the time prescribed by the statute was essential to the jurisdiction of the court. In the instant case the notice was served upon the solicitor-general, and the petition was presented and filed within the respective periods fixed by the statute. The judge therefore had jurisdiction to hear and deter-

mine the cause. It follows that the court did not err in refusing the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*