M. H. VanDyke, Benjamin Hamilton, and The Yahoola River and Cane Creek Hydraulic Hose Mining Company, plaintiffs in error, vs. Charles A. Besser, defendant in error.

[1.] A judgment may be set aside on account of the uncertainty of the pleadings.
[2.] It may also be vacated when founded on an award, where the submission is illegal, the defendant in the judgment not having been a party to the arbitration.

Motion to set aside Judgment. In Lumpkin Superior Court. Decided by Judge Irwin. August Term, 1866.

To July Term, 1861, of Lumpkin Superior Court, Besser brought an action of assumpsit upon an account for $732.04. The defendants thereto, as described in the declaration, were "Dr. M. H. VanDyke and Benjamin Hamilton, a body corporate and politic under the name and style of The Yahoola River and Cane Creek Hydraulic Hose Mining Company." The bill of particulars annexed to the declaration was headed thus: "Messrs. Hamilton & VanDyke, Dr., for Yahola, To C. A. Besser." The process issued by the Clerk stated the case in the margin thus: "Charles A. Besser vs. Dr. M. H. VanDyke, Benjamin Hamilton and the Yahoola River and Cane Creek Hydraulic Hose Mining Company,"

and went on, in the usual form, requiring the "defendants" to appear, etc. The Sheriff's return showed personal service on VanDyke and Hamilton, and service upon the Company by leaving a copy at their office, the place of transacting their usual business, in Dahlonega.

An award followed, rendered by Wier Boyd and A. G. Wimpey. It bears date, as sent up in the record, March 1, 1866; but 1866 was, doubtless, in copying, written by mistake for 1864. The award states the case substantially as it is stated in the Clerk's process, and after reciting that said case was "mutually, verbally, refered for arbitrament and final settlement," proceeds to find in favor of Besser, seven hundred dollars.

This award was made the judgment of the Superior Court, by an order stating the case as the award stated it, and reciting that the same had been referred to Boyd & Wimpey. The order gave leave to sign judgment for the amount specified in the award, and judgment was entered up accordingly by Bessers' counsel, and signed at May Adjourned Term, 1864.

Fi. fa. was issued against all the plaintiffs in error, and was afterwards levied upon the property of the Company. VanDyke filed an affidavit of illegality, which the Court dismissed on the ground that the execution was proceeding not against him, but against the Company. That ruling was affirmed by the Supreme Court. (See 34 *Ga. R.* 268.)

In the Superior Court, at August Term, 1866, the plaintiffs in error moved to set aside the original judgment, on various grounds, among them the two following:

1. Because the pleadings are so defective that no legal judgment could be rendered.

2. Because there was no order of Court referring the case to the arbitrators, and the amount in controversy being over five hundred dollars, no verbal reference could be legally made.

Upon this motion the judgment of the Court was as follows: "Ordered that said motion be overruled, and that plaintiff have leave to proceed, upon the ground that it ap-

pears of record that all the defendants were regularly served and appeared by counsel, and failed to plead in abatement, or to file any other plea; *Secondly*, Because the defendants overlooked the defects and irregularities in the pleadings, of which they complain, and took steps in the cause; *Thirdly*, Because the parties all being served and regularly in Court, with a full knowledge of all the proceedings in said cause, submitted the matter in controversy to the arbitrament and award of defendant's counsel and one A. G. Wimpey, and allowed the award to be made the judgment of said Court, thereby waiving all defects, both in the pleadings and the award, the former of which were amendable at any stage of the proceedings."

This decision is now here for review.

BROWN & POPE, for plaintiffs in error.

BELL and LESTER, for defendant.

LUMPKIN, C. J.

That the proceedings in this case are characterized by great uncertainty, is manifest. The plaintiff claimed an open account to be due by somebody, but who the debtor is, is not sure from the declaration or the bill of particulars annexed thereto.

Is it the purpose of the pleader to charge VanDyke and Hamilton individually, and also as corporators? The bill of particulars is equally uncertain. It is against VanDyke and Hamilton for Yahola. Does not this charge the corporation alone, through their agents VanDyke and Hamilton? How can anything certain be educed from such defective pleadings?

Well, it is said that the matters in controversy were refered to arbitrators, and that the reference admits the sufficiency and regularity of the pleadings. VanDyke protests that he was no party to this reference, and that nothing can

be infered against him.  He further contends, it was an il-
legal submission, being verbal only, and the matter in con-
troversy being over five hundred dollars ; and this is true
under Section 2826 of the Code.

The trouble all the way through this case seems to grow
out of the confusion and uncertainty of the record.  Parties
are called parties, instead of VanDyke by name, and thus
you cannot tell who is meant.

I see but one thing positively certain in this case, and
that is, that all the parties litigating were served at the be-
ginning ; but what part they have taken in the controversy
since, I am unable to tell from the record.

The Judge below assumes certain things to be true ; but
upon what proof ?  The record does not sustain him in these
assumptions.

Upon the whole, we think the judgment should be va-
cated, which leaves the declaration in Court notwithstand-
ing ; and then, if the plaintiff choses to build upon this
foundation, very well ; he can do so by filing his writ against
his true debtor, unless the parties, in the meantime, should
see proper to adjust this matter of account between them-
selves, through the aid of mutual friends.  There is no legal
principle, apparently, involved, but simply a matter of ac-
count.

Judgment reversed.