## CURTIS *et al. v.* TOWN OF MANSFIELD *et al.*

A judgment confirming and validating an issue of bonds by a municipality can not be attacked collaterally for want of jurisdiction in the court to render the judgment, unless the want of jurisdiction appears on the face of the record.

Argued November 17, 1908.—Decided April 16, 1909.

Petition for injunction. Before Judge Roan. Newton superior court. September 24, 1908.

*Middlebrook, Rogers & Knox* and *Doyle Campbell,* for plaintiffs.
*R. W. Milner,* for defendants.

HOLDEN, J. The plaintiffs filed their application against the defendants for an injunction, which was refused, and to this order the plaintiffs filed their bill of exceptions, in which it is recited that an injunction was prayed against "the Town of Mansfield from paying out, and the Mansfield Lumber and Construction Company from receiving, the proceeds of the sale of $6,000 of bonds of said town, upon the grounds that the issue of said bonds was illegal and void, and that the judgment of the court validating the same was void, for the reason that the court which validated said bonds had no jurisdiction of the subject-matter. There were other grounds than these set out in plaintiffs' petition, but were abandoned on the hearing by the plaintiffs' counsel, as stated in the order of the court refusing the injunction." The following

also appears in the bill of exceptions: "To this judgment of the court plaintiffs in error excepted, and now except and assign the same as error, upon the ground that said judgment was contrary to law, inasmuch as the court which validated said bonds was without jurisdiction of the subject-matter and said judgment was void, and the election for issuing said bonds as well as the issuing of the same was ultra vires and void, and in violation of the constitution of Georgia, section 5909 of the Civil Code of Georgia; and for these reasons the court committed error in not granting the injunction as prayed for." It is stated in the judgment of the court refusing the injunction, "that every question made by the pleadings in the case had been covered and passed upon by former judgments of this court in cases between the same parties, to wit, by a judgment rendered August 8, 1908, and by a judgment of September 3, 1908; and plaintiffs' counsel not now insisting upon these same questions in this case, and having abandoned all questions except the sole question of the jurisdiction of the court, the superior court of Newton county, to render a judgment validating the $6,000 of bonds mentioned in plaintiffs' petition. Plaintiffs' counsel contended that said judgment of validation was void for want of jurisdiction of the subject-matter by said court, in that and because there was no recommendation by the corporate authorities of Mansfield for a special act to hold this election and no special law was passed by the legislature authorizing the holding of an election to issue these bonds as provided in section 5909. Plaintiffs' counsel conceded that the proceedings for the validation of the bonds, with respect to all matters of notice, service of notice, and other requisites to a proper judgment of validation, were regular, and that an election was had; but insisted that the election was illegal for want of a law authorizing the election, and for that reason alone the court was without jurisdiction of the subject-matter in validating said bonds." One of the defenses set up by the defendants was as follows: "Defendant has complied with every requirement of that act [validation act of 1897], and the bonds are legal and binding and can not be attacked by the plaintiffs, having been duly validated as alleged by plaintiffs." It appears from the record that an election was held and declared to have resulted in favor of the issuance of the bonds, and that thereafter the bonds were confirmed and validated by the judgment of

the court in proceedings which were admitted to have been regular in 'every respect, and to have conformed to all the requirements of the validation act of 1897.   It has been held that the judgment of a superior court validating an issue of bonds by a municipality is conclusive as to the city, its citizens, and every one else, "that the city has the legal right to incur a debt of the amount and for the purposes indicated in the notice of the bond election, that the assent of the qualified voters has been obtained for the issuance of the bonds in the manner required by law, and upon all other questions which the constitution and laws require to be determined before authority is conferred upon a municipality to incur a debt." *Baker* v. *Cartersville,* 127 *Ga.* 221 (56 S. E. 249).

The court rendering the judgment complained of in this case is the court which, under the general validation act of 1897, has authority to validate any proper issuance of municipal bonds by the Town of Mansfield.   If a recommendation by the municipal authorities and a special act of the legislature were necessary before an election for bonds could be legally had, whether or not such recommendation was made and such act passed were matters to be determined by the court, in the exercise of its jurisdiction under the general act above referred to, upon the hearing of the validation proceedings, before rendering a judgment on the question as to whether or not the bonds should be validated.   In the present case the plaintiffs are seeking, in a collateral attack, to have that judgment declared void for lack of jurisdiction of the court rendering it over the subject-matter.   The pleadings in the validation proceeding nowhere appear in the record, and therefore it can not be said that the judgment of validation, or the record upon which it was founded, shows on its face that there was any want of jurisdiction in the court to render that judgment.   This court has no jurisdiction to have the pleadings in that case sent up for examination, as they do not constitute any part of the record in the present case.   In making the present collateral attack on the judgment of validation, it is essential to its maintenance that the plaintiffs affirmatively show, either from the judgment itself or the record upon which it was founded, that the court lacked jurisdiction to render it.   In the absence of such affirmative showing on the part of the plaintiffs, it will be presumed that the court had jurisdiction to render the judgment.   In the case of *Medlin* v.

*Downing, Co.,* 128 *Ga.* 115 (57 S. E. 232), it was held: "The court of ordinary is a court of general jurisdiction; and unless the want of jurisdiction appears on the face of the record, its judgments can not be collaterally attacked." Also see *Jones* v. *Smith,* 120 *Ga.* 642, 644 (48 S. E. 134), where it is said: "Where the record is silent, the presumption is that all necessary jurisdictional facts appeared, and no collateral attack can be made upon the judgment." Also see *Dunagan* v. *Stadler,* 101 *Ga.* 474, 479 (29 S. E. 440). Even if an act of the legislature authorizing the election was essential to its validity, and the court had no jurisdiction to validate the bonds when no such act existed, the judgment of the court validating the bonds can not be attacked collaterally when it does not appear on the face of the judgment, or the record of the proceedings for validation, that the court was without jurisdiction to render the judgment.

*Judgment affirmed. All the Justices concur.*