## DURRENCE v. CITY OF STATESBORO.

ATKINSON, J. 1. The statutory provisions applicable in a proceeding to validate municipal bonds (Civil Code, § 441 et seq.), that within twenty days from the date on which the result of the election is declared notice thereof must be served on the solicitor-general, and that within twenty days of the date of such service there must be filed in the office of the clerk of the superior court a petition to validate the bonds, and an order nisi obtained from the judge, returnable within twenty days from the filing of the petition, are satisfied if the notice is served and the petition is filed and the order nisi obtained within the several times specified, notwithstanding the issuance of the order nisi may have preceded the filing of the petition in the office of the clerk of the superior court.

(a) Accordingly, in such a case, where the election was held on February 15, and the solicitor-general was notified of the result on February 20, and he presented a petition to the judge and obtained an order nisi on February 22, returnable March 19, and filed the petition in the office of the clerk of the superior court on March 5, there was, relatively to these matters, substantial compliance with the statute.

(b) This case differs from the case of *Roff* v. *Calhoun*, 110 *Ga.* 806 (36 S. E. 214), where the petition was not filed within twenty days from the date on which the solicitor-general was notified of the result of the election.

2. Even if the proceedings to validate bonds mentioned in the preceding notes were void, the sale of the bonds issued in conformity with the Civil Code, §§ 440-444, inclusive, would not be enjoined merely because the judgment of validation was void.

*Judgment affirmed. All the Justices concur.*
No. 382. JULY 11, 1917.

Petition for injunction. Before Judge Hardeman. Bulloch superior court. May 16, 1917.

*Anderson & Jones,* for plaintiff.
*Johnston & Cone,* for defendant.