## Tyson *v.* McIntosh County.

Beck, J. 1. Where an election was held to determine whether bonds should be issued by a county for certain specified purposes, and after due notice the election was regularly and properly held, resulting in favor of the issuance of the bonds for the specified amount; and where the judge of the superior court of the county in which the bonds were to be issued, upon a petition filed by the solicitor-general of the circuit, as provided in the Civil Code, § 456, relating to the filing of a petition for the validation of bonds, fixed the place of hearing at a point in another county, giving notice of the time and place of the hearing, the court was without jurisdiction to pass a judgment validating the bonds, and a judgment validating them was a mere nullity, the lack of jurisdiction not having been waived, even if that could be done.

2. The other questions raised in this case as to the judgment of validation are controlled, adversely to the plaintiff in error, by the rulings in the case of *Farmer* v. *Thomson*, 133 *Ga.* 94 (65 S. E. 180).

3. But the court did not err in refusing to enjoin the issuance and sale of the bonds; for, although the proceedings to validate the bonds referred

to above were void, as ruled in the first headnote, the sale of the bonds issued in conformity with the Civil Code, §§ 440-444, will not be enjoined merely because the judgment of validation was void. *Durrence* v. *Statesboro*, ante, 175 (93 S. E. 88).

*Judgment affirmed. All the Justices concur.*

August 31, 1917.

Petition for injunction. Before Judge Sheppard. McIntosh superior court. September 6, 1916.

Charles M. Tyson, a citizen and taxpayer of McIntosh County, Georgia, brought his petition against the county, to enjoin the issuance and sale of certain bonds, alleging that the board of county commissioners, being the officers charged with levying the taxes, contracting debts, etc., had, after due notice, etc., caused an election to be held to determine whether bonds in a stated amount, for the purpose of funding the county's floating debt and for raising funds for making certain public improvements, should be issued. There was no attack upon the regularity of the election. Proceedings, admittedly in all respects regular and legal, were instituted to validate the bonds, and on a stated date the judge of the superior court of the circuit in which McIntosh County is located passed an order requiring the County of McIntosh, by its proper officers, to show cause before him at chambers at Claxton, in Evans County, on a day named, why the prayer of the petition to validate the bonds should not be granted; and further ordered that the clerk of the court publish in a newspaper, at least twice before the hearing, a notice to the public that on the day named for the hearing the application would be heard. Due and legal service was made upon the County of McIntosh by service upon its proper officers; and the clerk of the court, in conformity with said order, duly published in a newspaper in McIntosh County the required notice to the public of the hearing. The county made answer, was represented by its attorney at the hearing, and united in asking that the prayers of the petition be granted; and the court rendered judgment validating the bonds, at chambers, at Claxton, Evans County. Upon hearing the petition for injunction the court denied it. The point is raised that the notice given in McIntosh County was not sufficient, as it should have been issued by the clerk of the court of Evans County; also, that the judge was without jurisdiction to hear the application at a point outside of McIntosh County; and, third, that if under the terms of the statute embodied in the

Civil Code, § 456, which relates to such hearings, the filing of the petition, notice of the same, etc., authority is given to hear the petition and to pass the order validating the bonds in another county than that in which the bonds are to be issued, the statute making such provision is unconstitutional.

*C. M. Tyson,* for plaintiff.   *Stephen Tighe,* for defendant.