**BRADY v. CITY OF ATLANTA.**

(Circuit Court of Appeals, Fifth Circuit. February 12, 1927.)

No. 4938.

1. **Municipal corporations** ⬤➝919—**Authorization of issue of bond in installments and levy of tax for payment held legal (Const. Ga. art. 7, § 7; Civ. Code Ga. 1910, § 440).**

Nothing in Const. Ga. art. 7, § 7, providing that municipal corporations issuing bonds shall provide at the same time for levy of a tax to pay interest and principal, nor in Civ. Code Ga. 1910, § 440, prescribing the contents of notice of an election to vote on a bond issue, is inconsistent with authorization of an issue of bonds in installments and the levy of the tax for the payment of each installment in the year of its issue.

2. **Municipal corporations** ⬤➝911—**Bonds not invalid because issued for part only of cost of public improvement.**

Bonds of a city are not invalid because issued to procure funds to pay a part only of the cost of a public improvement.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit in equity by Thomas B. Brady against the City of Atlanta. From an interlocutory decree denying a preliminary injunction, complainant appeals. Affirmed.

Geo. C. Spence, of Atlanta, Ga. (Nathaniel Spence and Spence & Spence, all of Atlanta, Ga., on the brief), for appellant.

Reuben R. Arnold and Jas. L. Mayson, both of Atlanta, Ga., and Edwin T. Merrick, of New Orleans, La. (Courtland S. Winn, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from an interlocutory decree denying an injunction restraining the issue and sale of certain bonds of the city of Atlanta, authorized at an election held in March, 1926, and restraining the making or letting of any contract by said city for the building of viaducts or structures described in the bill. Some of the bonds voted for were for public schools, some for sewers, some for a city hall and site therefor, some for waterworks, and $1,000,000 thereof "for the city's part in the construction of viaducts over Pryor street and Central avenue crossings and approaches thereto, and cross-sections and consequent expenses." The ordinance authorizing the bonds provided for the issue and sale of part of them in each of the years 1926, 1927, and 1928, and for the levy of taxes, beginning respectively in the year of the sale and issue of the bonds, sufficient to meet the interest and to raise a sinking fund to meet the principal when it matured. After the election authorizing the bonds and before appellant's bill was filed, a judgment to the effect that the bonds are validated and confirmed was rendered in a proceeding instituted under the Georgia statute, providing how bonds of counties and municipalities are validated (Code Ga. 1910, § 445 et seq.), which statute (Ib. § 458) provides that such a judg-

ment "shall be forever conclusive upon the validity of said bonds against the said county or municipality, and the validity of said bonds shall never be called in question by any court in this state."

The right of the city to issue the bonds and to make the contract or contracts sought to be enjoined was challenged on sundry grounds. The allegations of appellant's bill as to some of those grounds were put in issue by appellee's answer. The application for an interlocutory injunction was submitted on the bill, including exhibits, the answer, and evidence adduced at the hearing. The evidence as to many allegations of the bill which were put in issue is not contained in the record on appeal. In this court appellant's attack on the bonds is based on the grounds that under the plan for their issue several debts would be created, that the provisions as to sinking funds are not in accordance with a requirement of the Constitution of Georgia, and, as to the viaduct bonds, on the further grounds that the part of the ordinance providing for those bonds is indefinite, in stating that they are for "the city's part in the construction of viaducts," etc., and that those bonds would be illegal, if issued to pay for only part of the cost of the structures mentioned.

[1] If the issue and sale of the bonds and the making of contemplated contracts would not be illegal on any ground urged, it is not material to inquire whether the above-mentioned judgment declaring the bonds valid did or did not conclusively establish their validity. Durrence v. City of Statesboro, 147 Ga. 175, 93 S. E. 88. In support of appellant's attack on the bonds the following constitutional and statutory provisions are invoked: The provision of section 7 of article 7 of the Constitution of Georgia that "any * * *. municipal corporation, * * * which shall incur any bonded indebtedness under the provisions of this Constitution, shall, at or before the time of so doing, provide for the assessment and collection of an annual tax, sufficient in amount to pay the principal and interest of said debt within thirty years from the date of the incurring of said indebtedness," and the part of the statute (Code of Georgia 1910, § 440) prescribing the notice to be given of an election on the question of the issue of municipal bonds which provides that such notice "shall specify what amount of bonds are to be issued, for what purpose,

what interest they are to bear, how much principal and interest to be paid annually, and when to be fully paid off." Nothing in the above set out provisions is inconsistent with municipal bonds being issued in installments, or with the provision for the assessment of the required tax being sufficient if it is made before the actual issue and sale of the bonds, though the taxes to take care of the principal and interest of the installments of bonds subsequent to the first one are not to be levied until after the issue and sale of the first installment. Sewell v. City of Tallapoosa, 145 Ga. 19, 88 S. E. 577.

[2] No illegal purpose is disclosed in the part of the ordinance which provided for the issue of bonds "for the city's part in the construction of viaducts," etc. It is not illegal for a municipality to obtain from sources other than taxation or the proceeds of loans to it the whole or a part of the amount required to pay for a public improvement, and it may legally incur a debt for its outlay for such a purpose, though that outlay amounts to less than the entire cost of the improvement. Mayor, etc., of Washington v. Faver, 155 Ga. 680, 117 S. E. 653. It is not unusual for part of the funds required to pay the cost of a public improvement to be contributed, voluntarily or under lawful coercion, by owners of property to be specially benefited by such improvement. The record not showing the contrary, it is to be presumed that the city authorities did not contemplate the making of a contract or contracts for the construction of the viaducts, etc., mentioned, until there were available funds which, combined with the proceeds of the sale of the bonds provided for, would be sufficient to discharge the obligations so incurred. From the fact that provision was made for the city incurring a debt for part only of the cost of the structures mentioned, it is not to be inferred that those structures were to be erected otherwise than by the city, or under a contract or contracts made with it alone. The record does not show that the city's control of the planning and erection of the structures provided for, or of those structures when completed, would be limited or restricted in any respect as a result of the city paying only part of the cost of those structures.

We conclude that the record does not show that the court erred in refusing to issue the preliminary injunction prayed for. The decree to that effect is affirmed.