## GIBBS *et al. v.* TY TY CONSOLIDATED SCHOOL DISTRICT *et al.*

No. 6723. APRIL 11, 1929.

*C. A. Christian* and *J. S. Ridgdill,* for plaintiff.
*Fulwood & Forrester,* for defendants.

RUSSELL, C. J. The plaintiffs as taxpayers brought a petition for injunction against the defendants as trustees of Ty Ty consolidated school district, praying that the defendants be restrained

and enjoined from issuing $25,000 of bonds executed for the purpose of erecting and equipping a schoolhouse in said school district. The defendants demurred to the petition, the ground of demurrer being that the bonds were already validated, and that plaintiffs had had their day in court, that the judgment of validation was final, and that plaintiffs, not having intervened before validation, could not thereafter complain. The court sustained the demurrer and dismissed the petition, and exception is taken to that judgment. The plaintiffs contend that the superior court was without au thority to pass an order of validation upon a petition from which it affirmatively appeared that the requisite number did not vote for the bonds, and an answer admitting that such was the case; and therefore that the order as passed by the jduge on the hearing of the validation was void. Counsel for the plaintiffs argue that a judgment may be arrested and set aside for any defect not amendable which appears upon the face of the record or pleadings, and cite in support of that proposition *Van Dyke* v. *Besser,* 35 *Ga.* 173, *O'Connor* v. *Brucker,* 117 *Ga.* 451 (43 S. E. 731), and *Reid* v. *Hearn,* 127 *Ga.* 117 (56 S. E. 129). The case of *Curtis* v. *Mansfield,* 132 *Ga.* 441 (64 S. E. 327), is also cited as sustaining the proposition that if the petition shows a lack of authority upon the part of the court to render the judgment, then the judgment will be void and can be attacked by any party. It was not ruled in the *Curtis* case that the judgment of validation can be attacked where the petition for validation shows a lack of authority on the part of the court to render judgment. In that case it appeared that the pleadings were not in the record, and that this court had no jurisdiction to have the pleadings sent up, as they did not constitute any part of the record. In these circumstances the only observation of the court was that it would be essential, to maintain any attack on the judgment, that the "plaintiffs affirmatively show, either from the judgment itself or the record upon which it was founded, that the court lacked jurisdiction to render it." As there was no such record, the court in that instance could not pass upon its contents to determine whether the court had jurisdiction; and this was all that was held.

In the case at bar there is no question of the jurisdiction of the court to hear the validation proceeding at the time and place when it was held. The question here involved is whether the court,

though having jurisdiction, could properly have passed the order validating the issue of bonds now in question. It appears from the record in this case that there were 266 registered voters qualified to vote upon the question of issuing the bonds. 123 votes were cast for bonds and 29 votes were cast against them. This appears from the petition of the solicitor-general in the validation proceeding. Conceding for argument's sake that an insufficient number of votes were cast in favor of the issuance of the bonds to authorize the court to pass an order of validation, and that such appeared from the pleadings, did the court err in sustaining the general demurrer and dismissing the petition which sought a judgment enjoining the trustees from issuing and selling the bonds in pursuance of the order of validation? That is the only question involved in this case; and we are of the opinion that the trial judge did not err in sustaining the demurrer and dismissing the petition for injunction. In *Durrence* v. *Statesboro,* 147 *Ga.* 175 (93 S. E. 88), and *Tyson* v. *McIntosh County,* 147 *Ga.* 233 (93 S. E. 407), it was held that even though the judgment of validation was void (as is contended in this case), petitioners, who were citizens and taxpayers and could have intervened in the validation proceedings, were not entitled to an injunction to prevent the issuance and sale of the bonds. It must be remembered that section 448 of the Civil Code of 1910, which was taken from the validation act of 1897, presents an exception to the general rule under which a judgment may be arrested wherever it appears from the pleadings that the court was not authorized to render it. In other words, it is an exception to the general rule that a judgment absolutely void may be attacked anywhere and at any time by any person whose interest may be affected thereby. The Code section is as follows: "In the event no bill of exceptions is filed within the time prescribed herein, or, if filed, is affirmed by the Supreme Court, the judgment of the superior court, so confirming and validating the issuance of the bonds, shall be forever conclusive upon the validity of the bonds against the county, municipality, or division, and the validity of said bonds shall never be called in question in any court in this State." Upon the very point here involved it was the unanimous opinion of this court in *Durrence* v. *Statesboro,* supra, that, "Even if the proceedings to validate bonds mentioned in the preceding notes were void, the sale of the bonds issued in conformity

with the Civil Code, §§ 440-444, inclusive, would not be enjoined merely because the judgment of validation was void." See also *Lippitt* v. *Albany*, 131 *Ga.* 629 (63 S. E. 33) ; *Jones* v. *Coleman*, 152 *Ga.* 795 (111 S. E. 377). In *Tyson* v. *McIntosh County*, supra, it was ruled, that, although the proceedings to validate the bonds referred to were void (for lack of jurisdiction in the court to pass a judgment validating the bonds), "the sale of the bonds issued in conformity with the Civil Code, §§ 440-444, will not be enjoined merely because the judgment of validation was void."

*Judgment affirmed. All the Justices concur.*

BECK, P. J., concurs in the judgment.