## WATTS *et al. v.* CITY OF CAVE SPRING.

No. 9755. OCTOBER 13, 1933.

*M. B. Eubanks,* for plaintiffs.
*Maddox, Matthews & Owens,* for defendant.

HILL, J. H. B. Watts and two others, as citizens and taxpayers brought their petition against the City of Cave Spring, to enjoin the levy and collection of a tax to pay the interest and principal of certain bonds issued by the city, in the sum of $5,000, for the purpose of improving a municipal park; it being alleged that the bonds were illegally issued, because the city was without charter power to issue bonds for that purpose; that the city was without charter power to own and operate a park; that the issuance of the bonds was the creation of a debt; and that the mayor and council did not provide for the creation of a sinking-fund to retire the bonds. The answer of the defendants avers that the park was donated to the city, provided the city would expend $5,000 in improvements thereon; that on November 13, 1931, an election was called to determine whether the city should issue bonds in the sum of $5,000 to improve the park property; that the election was held, the result being favorable to the issuance of the bonds, and the city so declared on December 21, 1931; that the bonds were validated by proper proceedings in the superior court of Floyd County, copy of the validation proceedings being attached to the answer as an exhibit; that subsequently the bonds were sold, and taxes were levied to pay the interest and principal, the last of which bonds was due in the year 1927; that the issue of bonds was authorized by the charter of the city; that the plaintiffs had full and ample opportunity to file interventions in the validation proceedings, and they

could have raised the questions which are now raised; but failed to do so; that they had full knowledge and notice of all the proceedings with reference to the bond issue and subsequent validation, and they are estopped from now raising the questions as to the validity of the tax levy. The judge denied an injunction, and the plaintiffs excepted.

The charter of the City of Cave Spring is found in Ga. L. 1920, p. 818. Section 1 of this act provides that the city "shall have the right, power, and authority to purchase, hold, rent, lease, sell, exchange, manage and dispose of, for the use and benefit of the City of Cave Spring, any interest in any real estate or personal property of whatsoever kind or description, within or without the corporate limits of said city;" and that it "shall have the right, power, and authority to receive gifts, donations, bequests and public trusts, and to agree to conditions and terms accompanying the same; and the mayor and council of said city is hereby empowered to bind said city to carry out the same." Section 26 specifically provides for the issuance of bonds for various purposes, "and for all other purposes that, in the discretion of the mayor and council, is for the best interest of the inhabitants of said city." Section 43 authorizes the city to condemn lands for various purposes, including parks.

The bonds in question were duly and regularly validated in the manner provided by law. In *Baker* v. *Cartersville,* 127 *Ga.* 221 (56 S. E. 249), it was held: "The judgment of the superior court validating the bonds is conclusive as to the city, its citizens, and every one else, that the city has the legal right to incur a debt of the amount and for the purposes indicated in the notice of the bond election, and that the assent of the qualified voters has been obtained for the issuance of the bonds in the manner required by law, and upon all other questions which the constitution and laws require to be determined before authority is conferred upon a municipality to incur a debt." In *Gibbs* v. *Ty Ty Consolidated School District,* 168 *Ga.* 379 (147 S. E. 764), it was held: "Where no exception has been taken to a judgment of validation within the time prescribed by law, the judgment of validation is conclusive, and a judgment enjoining the issuance and sale of the bonds validated can not be granted even though the judgment of validation is void." And see *Durrence* v. *Statesboro,* 147 *Ga.* 175 (93 S. E. 88); *Tyson*

v. *McIntosh County,* 147 *Ga.* 233 (93 S. E. 407); *Lippitt* v. *Albany,* 131 *Ga.* 629 (63 S. E. 33); *Jones* v. *Coleman,* 152 *Ga.* 795 (111 S. E. 377). In *Towns* v. *Workmore Public School District,* 166 *Ga.* 393 (142 S. E. 877), it was held: "Under the provisions of the constitution, which require that at or before the issuance of any bonds imposing liability upon the taxpayers there shall be provision made for the levy of a tax sufficient to pay the interest and provide a sinking-fund, there is a conclusive presumption of law that provision had already been made for the payment. . . The law will not allow this presumption to be inquired into or contradicted. . If it were otherwise, the purpose of the validation, which is to give absolute security to the purchasers of these obligations, would be defeated." The judge did not err in refusing an injunction.  *Judgment affirmed. All the Justices concur.*