RODWELL v. HARRISON.

(Filed March 3, 1903.)

1. ELECTIONS—*Municipal Corporations—Towns and Cities—Acts (Private) 1893, ch. 171, Sec. 3—Acts 1901, ch. 750, Sec. 19.*

The effect of acts of 1901, ch. 750, sec. 19, is to repeal acts (private) 1893, ch. 171, sec. 3, and an election held on the first Monday in May, 1902, in the town of Littleton was invalid.

2. STATUTES—*Construction — Retroactive — Declaratory Act—Act February 20, 1903.*

An act of the legislature declaratory of the intent of a previous act will not control the judiciary in the construction of the first act in actions arising prior to the declaratory act.

THE State on relation of T. O. Rodwell against T. N. Harrison, heard by Judge *George A. Jones,* at November Term, 1902, of the Superior Court of HALIFAX County. From a judgment for the defendant, the plaintiff appealed.

*E. L. Travis, Walter E. Daniel,* and *Thos. N. Hill,* for the plaintiff.

No counsel for the defendant.

CONNOR, J.   The General Assembly, by chapter 171 of the Private Laws of 1893, amended the charter of the town of

Littleton. The third section of said act provides "That there shall be, on the first Monday in May, 1893, and on the first Monday in May annually thereafter, elected a Mayor and seven Commissioners for said town, who shall hold their offices until their successors are qualified." This act was amended by chapter 193 of the Private Laws of 1901, providing for the appointment of a board of elections and of judges of elections, pollholders, and prescribing the time, method, etc., of registration, etc. *Section 3* of the act of 1893, was not amended or in any way referred to in this act.

An election was held on the first Monday in May, 1900, and on the first Monday in May, 1901, at both of which elections the defendant received a majority of the votes cast, and was duly declared elected and inducted into office. On the first Monday in May, 1902, an election was held in said town, at which the plaintiff received a majority of the votes cast and was duly declared elected and qualified by taking the oaths of office. He demanded possession of said office of the defendant, who refused to surrender the same. This action was begun on the 13th day of October, 1902, for the purpose of ousting the defendant and putting the plaintiff into the possession of said office.

The General Assembly, at the session of 1901, passed an act entitled, "An act to provide for the holding of town and city elections and special elections in counties and townships." Chapter 750, Public Laws 1901. "Section 1. That all elections held in any city or town in this State shall be held under the following rules and regulations, except as otherwise provided in the charter of such city or town." Sections two to eighteen, inclusive, prescribe rules and regulations for holding such elections. Section 19 provides that "In all cities and towns an election shall be held on Tuesday after the first Monday in May, 1901, and biennially thereafter (except as to the city of Fayetteville), for such other officers

as the charter of such city or town shall provide for, and any provision to the contrary in any charter of any city or town is hereby expressly repealed." This act was ratified March 15, 1901. The time for holding elections in Littleton was fixed by section 3 of chapter 171 of the Private Laws of 1893. The "rules and regulations" for holding such election were prescribed by chapter 193 of the Laws of 1901. The effect of section 19 of chapter 750 of the Private Laws of 1901 was to repeal section 3 of chapter 171 of the Acts of 1893, and to fix the time of holding said election on the Tuesday after the first Monday in May, 1901, and biennially thereafter. *Loughran v. Hickory,* 129 N. C., 281. The election, therefore, held on the first Monday in May, 1902, under which the plaintiff claims title to the office of Mayor, was invalid. The defendant was elected on the first Monday in May, 1900, and was entitled to hold said office until his successor was duly elected and qualified.

We are not called upon to pass upon the validity of the election held on the first Monday in May, 1901. This may be likewise invalid, but unless the plaintiff has been duly elected and qualified, he can not maintain his action.

This construction which we put upon the several acts referred to would entitle the defendant to judgment, but the plaintiff says that the General Assembly, at its present session, has declared that the election held on the first Monday in May, 1902, is "legal and valid." He calls our attention to an act ratified on the 20th day of February, 1903, entitled "An act to regulate elections in the town of Littleton, North Carolina." This act is in the following words:

"Whereas, on the first Monday in May, 1902, an election was held in the town of Littleton for Mayor and Town Commissioners of said town, in accordance with the provisions of chapter 193 of the Private Laws of 1901; and whereas, it has been questioned whether said election should have been

held under said chapter 193 of the Private Laws of 1901, or
under the general law, chapter 750, Private Laws 1901; and
whereas, it was the intention of the General Assembly of
1901, by the passage of said chapter 193, Private Laws of
1901, to except the town of Littleton from said general act,
and that its election should be held under and regulated by
said special act, and not under the general law: Now, there-
fore,

*"The General Assembly of North Carolina do enact:*

"SECTION 1. That the election for Mayor and Commission-
ers for said town of Littleton, held on the first Monday in
May, 1902, in accordance with chapter 193 of the Private
Laws of 1901, be and the same is declared to have been legal
and valid."

The other sections of said act relate to future elections,
etc.

It is very doubtful whether, upon a fair construction of
this act, there is any conflict with chapter 750, Laws 1901.
As has been pointed out, the said act (section 1) expressly ex-
cepts from its operation cities and towns the charters of
which provide other "rules and regulations" for holding
elections; hence, the election in Littleton must be held under
the "rules and regulations" prescribed by its charter as
amended. The act of 1901, chapter 193, does not prescribe
any time for holding elections in said town, and as section 3
of chapter 171 is expressly repealed by section 19 of the
Acts of 1901, no time other than that provided by said sec-
tion 19 is fixed for holding such elections. However this
may be, we are confronted with the legislative declaration
or enactment that such election is "legal and valid." This
Court, in case of doubt as to the meaning of language used
by the General Assembly, would treat with much considera-
tion and respect an act declaring its intention in the use of

the language in question.    In respect to suits upon controversies arising after the passage of the declaratory act, the Court would feel constrained to treat the declaratory act as establishing the law or rule of action.    The duty of construing and declaring the law is imposed upon the judicial department of the government.    The duty of making the law as a future rule of action is imposed upon the legislative department.    It is only by a strict adherence to the fundamental principle that the several departments of the government are to be kept forever "separate and independent," to move within their separate and distinct spheres as prescribed by the Constitution, that the symmetry of our political system is preserved.    When the legislative departs from its appointed domain and undertakes to declare what the law was and is, and the judiciary undertakes to make the law, there is confusion, uncertainty and discord; the rights of the citizen are uncertain, unsettled and insecure; no man will know what is his own, or by what rule of action his rights are fixed and determined.    To declare what the law is or has been, is a judicial power; to declare what the law shall be, is legislative. "One of the fundamental principles of our government is that the legislative power shall be separated from the judicial." *Ogden v. Blackledge,* 2 Cranch., 272.

"A declaratory act, or an act declaring the true intent of a previous act, does not control the judiciary in deciding on the true construction of the first act, except in cases arising subsequent to the act, or except in cases where a retrospective act can properly be passed." Sedgwick Stat. and Const. Law, page 252.

"It is always competent to change an existing law by a declaratory statute; and when the statute is only to operate upon future cases, it is no objection to its validity that it assumes the law to have been in the past what it is now declared it shall be in the future.    But the legislative action can not

be made to retroact upon past controversies, and to reverse decisions which the courts, in the exercise of their undoubted authority, have made." Cooley Const. Lim., pages 111, 112.

We can not adopt the construction, of the several statutes referred to, put upon them by the Act of 1903. It is not free from doubt whether section 2 of the Act of 1903 accomplishes the purpose which the law evidently intended. The *time* of holding elections in Littleton is not fixed by chapter 193 of the Act of 1901, while the *"provisions"* therefor are clearly set forth therein. The third section of chapter 171 of the Private Laws of 1893, having been repealed by section 19, chapter 750, Laws 1901, it would seem that, by a fair construction of the Act of 1903, the time of holding such elections is still fixed by the general law, notwithstanding the language of section 2 of the Act of 1903. The judgment is

Affirmed.