## EDWARDS et al. v. TOWN OF GUYTON et al.

BECK, J. 1. Where a judge of the superior court has rendered judgment confirming and validating the issuance of bonds by a municipality, under the provisions of the Civil Code, §§ 445-447, and no bill of exceptions assigning error upon such judgment is filed within twenty days from the date thereof for the purpose of carrying the questions raised in the proceedings to validate the bonds to the Supreme Court, then, under the provisions of section 448 of the Civil Code, "the judgment of the superior court so confirming and validating the issuance of the bonds shall be forever conclusive upon the validity of the bonds against the . . municipality, . . and the validity of the bonds shall never be called in question in any court in this State." Consequently, after the validation of certain municipal bonds, as recited above, no writ of error to the judgment validating the same having been sued out within the time prescribed by law, it was not error for the court below to refuse to enjoin the issuance of said bonds at the suit of certain taxpayers of the town issuing the bonds, upon the ground that the town was not authorized "to establish a system of waterworks in the town, nor a system of electric lights in the town," the construction and installation of the system of waterworks and electric lights in the town being the objects to which the proceeds of the bonds were to be applied. *Epping* v. *City of Columbus,* 117 *Ga.* 263 (43 S. E. 803); *Holton* v. *City of Camilla,* 134 *Ga.* 560 (68 S. E. 472, 31 L. R. A. (N. S.) 116, 20 Ann. Cas. 199); *Baker* v. *City of Cartersville,* 127 *Ga.* 221 (56 S. E. 249). Whether the ground set forth in the petition for injunction, that "the levy of a tax to pay the interest and principal of the bonds will require the levy of a tax in excess of the rate of one fourth of one per cent., the limit of the taxing power of the municipality as fixed by its charter," would be a good ground for injunction, is not decided, as the evidence did not require a finding that a levy of a tax sufficient to pay the interest and principal of the bonds would exceed the charter limit.

2. Questions as to the constitutionality of the code sections cited, relative to the validation of bonds issued by a municipality, which were not raised at the hearing of the petition for injunction and upon which no ruling was invoked in the court below, will not be considered in this court.       *Judgment affirmed. All the Justices concur.*

*August 14, 1913.*

Petition for injunction.　Before Judge Sheppard.　Effingham superior court.　June 6, 1913.

*George H. Richter,* for plaintiffs.

*Clarence S. Guyton,* for defendants.