### DUMAS *et al. v.* RIGDON, tax-collector, *et al.*

This being an equitable petition to enjoin the collection of a tax to pay the principal and interest of bonds issued for the purpose of building a schoolhouse in a designated school district, and it appearing that the bonds, the legality of which had been attacked, had been duly validated, and after they had been validated a petition was brought by certain taxpayers to enjoin their issuance, and the petitioners in this case having failed to intervene either in the proceeding to validate the bonds or in the subsequent proceeding to enjoin their issuance, the petitioners will not now be heard to attack the legality of the bonds. The court did not err in refusing an injunction.

No. 2088.    MARCH 4, 1921.

Petition for injunction. Before Judge Eve. Tift superior court. May 6, 1920.

B. F. Dumas and others, citizens and taxpayers of the County of

Tift, and who reside in and own property within that portion of said county which is alleged to be contained in the Chula school district, as defined by the county board of education, brought their petition against T. S. Rigdon, tax-collector of the county, R. E. Hall and the other members of the board of commissioners of roads and revenues, J. D. Cook and others composing the board of education of the county, and A. J. Ammons, county superintendent of education, praying for injunction to restrain the enforcement of a tax levy made for the year 1919, for the purpose of paying the principal and interest upon a bond issue of the school district for the purpose of building and equipping a schoolhouse, and for other equitable relief. It is alleged, that the levy of the tax referred to is illegal and void, because the Chula school district, within which the taxes were levied and which will be collected unless enjoined, is not now and has not been at any time heretofore a legally created school district within the meaning of the statutes relating to the subject of taxation for the purposes indicated; that the entire territory of Tift county has never been laid off into school districts nor have the district lines been defined and marked as required by law, nor have the school districts been laid off according to law, but they have been laid off in disregard of the provisions of the statutes upon that subject; that no map of the county, showing the school districts, as required by law, has been made; that certain specified lots were illegally transferred to the Chula school district; that several lots in the county were not in any school district, and that some four or five lots, containing an aggregate of some 2,000 acres of land, were illegally taken from the Chula district; that, upon other grounds specified, a division of the county into school districts, if ever made, was illegally made, without reference to best interest and the convenience of those who were included in and excluded from the district; that the territory from which the tax is to be collected is incapable of exact determination, never having been exactly laid out, marked and defined, as required by law; that the board of commissioners of roads and revenues are without authority to levy and assess the tax complained of; and that for other reasons the levy is illegal. The defendants filed an answer and a demurrer, and also a plea of res adjudicata. The court, after considering the case and the evidence submitted, refused the injunction.

*Bussey & McNicholas* and *R. L. Tipton,* for plaintiffs.

*Fulwood & Hargrett,* for defendants.

BECK, P. J. (After stating the foregoing facts.)  Under the pleadings and the evidence in the case the court did not err in refusing the injunction.  The bonds in question were duly validated in accordance with the provisions of the Civil Code (1910), §§ 445 et seq., relating to bonds and their validation.  Questions of whether the law in regard to laying off the county into school dis· tricts had been complied with, and whether other steps were taken by the proper county authorities to make this laying off and division of the county into school districts comformable to law as embodied in sections 1531 et seq. of the Civil Code, upon the subject of school districts and local tax for public schools, could and should have been made in the proceedings to validate the bonds, the legality of which is now challenged.

The school district here in question was created in June, 1918. Shortly thereafter an election to determine whether bonds should be issued was held, and in due course the bonds were validated, the order validating the bonds having been passed on August 17, 1918.  On June 13, 1919, A. W. Whiddon, a citizen and taxpayer of the Chula school district, filed his petition against I. M. H. Fletcher, L. W. Whiddon, and A. E. Whiddon, trustees of the district, in which the legality of the issuance of the bonds in question was attacked, alleging that they had not then been sold, but the trustees of the school district were then negotiating for their sale and were about to sell them; and praying for an injunction to prevent the sale.  The judge refused the injunction.  The petitioner sued out a writ of error to this court; and it was held, in deciding the case: "Where an election, held to determine whether bonds should be issued for the purpose of building and equipping a schoolhouse in a local school district, resulted in favor of such issuance, and the bonds were duly validated in accordance with the terms of the Civil Code (1910), § 445 et seq., a citizen and taxpayer of the district who could have made himself a party to the proceedings to validate the bonds, but failed to do so, was concluded by the judgment rendered, and could not thereafter enjoin the levy and collection of a tax to pay the interest and principal of the bonds, and the issuance and sale, on the ground that there had never been levied in said district as a unit, distinguished from other districts

of said county and from the county itself, a local tax for school purposes as provided by the act of 1912 (Acts 1912, p. 176; Park's Ann. Pol. Code, § 1545 (a))." *Whiddon* v. *Fletcher*, 150 *Ga.* 39 (102 S. E. 350). The illegality of the bonds in that case was urged, upon different grounds, it is true, from that taken here; and the plaintiffs in error insist that it was a friendly suit. Nevertheless the petitioners could have joined in that suit and have raised the grounds of illegality here set forth, and could have carried on the litigation in a manner entirely serious and not open to the charge that it was a friendly suit. We do not rule that the suit of *Whiddon* v. *Fletcher* and the decision in that case would sustain the plea of res adjudicata; but it should be taken into consideration in passing upon the question as to whether the judge properly refused the injunction in the present case; and the decision rendered in the *Whiddon* case is directly applicable to the question presented here. And it is not amiss to state here that there is no allegation that the bonds in question have not been passed into the hands of innocent purchasers. And that such is the case, the length of time since their issuance and the failure upon the part of the petitioners to make denial, authorize us to assume.

*Judgment affirmed. All the Justices concur.*