*W. T. Burkhalter,* contra.

---

## JONES *et al. v.* COLEMAN *et al.*

GILBERT, J. 1. The judgment of the superior court validating bonds is conclusive as to the school district, the citizens thereof, and all other persons, that the school district has the legal right to incur the debt of the amount and for the purpose indicated in the notice of the bond election, and that the assent of the qualified voters of the district has been obtained for the issuance of the bonds in question, in the manner required by law; and upon all other questions which the constitution and laws require to be determined before authority is conferred upon the district to incur a debt. *Baker* v. *Cartersville,* 127 *Ga.* 221 (56 S. E. 249), and authorities cited; *Edwards* v. *Guyton,* 140 *Ga.* 553 (79 S. E. 195); *Dumas* v. *Rigdon,* 151 *Ga.* 267 (106 S. E. 261).

2. The collection of a tax levied for the purpose of creating a sinking-fund for the purpose of retiring the bonds at maturity will not be enjoined on the ground that the bonds, duly voted and validated, have not been sold. The constitution of Georgia, article 7, section 7, paragraph 2 (Civil Code (1910), § 6564), provides that there shall, at or before the time of incurring such debt, be an assessment and collection of a tax sufficient to pay such principal and interest within thirty years from the date of the incurring of such indebtedness. "But where such a delay is for a period of one . . or more years, inasmuch as interest will not be paid during the years elapsing before the bonds are sold, no tax should be assessed and levied for such period of time." *Mitchell County* v. *Phillips,* 152 *Ga.* 787 (111 S. E. 374).

3. If the plaintiffs failed to become parties to the proceedings to validate the bonds and to set up their objections to the entry of the judgment, as they could have done, they would not now be heard to go

behind it and complain. *Thomas* v. *Blakely*, 141 *Ga.* 488 (81 S. E. 218).

4. The levy and collection of a tax for the purpose of paying interest and creating a sinking-fund to retire bonds which have been confirmed and validated as required by law will not be enjoined because citizens and property owners were induced to vote in favor of said bonds under a misunderstanding, nor because of misrepresentations made as to the location of the school building to be erected from the proceeds of such bonds, nor because the school trustees are believed to be faithless to their promises in regard to the location of the school building. Whether or not the school trustees could be enjoined from locating the school building at a point other than that chosen at the election on the question is not made in the case, and therefore is not decided.

5. In so far as the court refused to enjoin collection of the tax to create a sinking-fund, the judgment is affirmed; but in so far as the court refused to enjoin the collection of a tax to pay the interest for the year 1920, the judgment is reversed.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*

No. 2700. FEBRUARY 18, 1922.

Petition for injunction. Before Judge Hardeman. Candler superior court. May 26, 1921.

W. M. Jones et al. filed a petition against the trustees of Rose-Mary School District, the superintendent of public schools, the board of education, the tax-collector and the sheriff, all of Candler County, alleging, in substance, that an election was duly called and held in said school district on January 13, 1920, for the purpose of determining whether said school district should issue bonds in the sum of $6500, to build and equip a schoolhouse in said district; that said election resulted in favor of bonds; that on March 12, 1920, the bonds were confirmed and validated by the superior court; that the bonds had never been issued or sold; that the schoolhouse had not been erected and equipped, nor any indebtedness created by reason of the same; that the trustees of said school district, the county school superintendent, and the board of education recommended to the board of roads and revenues that the sum of five mills be levied on the taxable property of the district for the year 1920, to provide a fund with which to pay the annual interest on the bonds for the year 1920, and to provide a sinking-fund to retire said bonds at maturity; that said tax was so levied and placed in the hands of the tax collector, who issued executions against the property of petitioners; that said executions are in the hands of the sheriff of the county who will seize some of their property in satisfaction of the same, unless the

court grants affirmative relief immediately; that petitioners have no adequate remedy at law; that petitioners have tendered to the sheriff the amounts of taxes legally due by them, to wit, all State and county taxes, except the five mills levied as aforesaid, and have demanded their tax receipts of said officer, who has failed and refused to surrender them unless the said five mills are also paid; that the levy of five mills on the taxable property of the district will not yield an amount sufficient to pay the annual interest and retire said bonds at their maturity; that at the time the election was held and the bonds voted upon, and at the time of the validation of said bonds and at the time of the levy of the tax, the school district was not legally constituted, because it had not been properly laid out and surveyed and a map of the same had not been filed in the office of the ordinary of the county as required by law; and that the tax is illegal and void. The prayers of the petition are: (1) That the tax-collector and sheriff be temporarily and permanently enjoined from collecting said school-bond tax; that they be required to surrender to the petitioners their tax receipts upon the payment of all their legal taxes; (2) that the trustees of the school district and their successors in office, the board of education and their successors in office, and the county school superintendent be temporarily and permanently enjoined from issuing said bonds, for the reason that they might fall into the hands of innocent purchasers who might suffer thereby; (3) for general relief; and (4) for process. The petition was subsequently amended by alleging in substance, that, at the same time and in the election submitting to the voters the question of the issuance of bonds, there was also submitted the question of locating a site for the schoolhouse in said district; that the result of the election on this question showed that the voters overwhelmingly favored a designated site; that the voters were induced to vote for the bonds by reason of being allowed to select a site for the school building; and that petitioners are informed and believe that the school authorities have determined to change the location of the schoolhouse, and to build on a different site from that decided upon in the election. Petitioners pray that the trustees be enjoined from issuing or selling said bonds, and from collecting the said taxes, and from levying or collecting taxes in the future to pay said interest and to provide a sinking-fund

to retire said bonds, for the reason that petitioners were deceived by the trustees and induced to vote for the same.

The defendants, by way of plea and answer, show that the bonds have previously been, by order of the court, validated and confirmed; that said judgment of validation adjudicates all of the issues now made or attempted to be made by petitioners, and petitioners could have made themselves parties to that proceeding at the time of the judgment, or by exception thereto, as is required by law. The court refused to grant an injunction, and the petitioners excepted.

*C. W. Turner* and *Charles Emory Smith,* for plaintiffs.

*J. L. Brown* and *W. H. Lanier,* for defendants.