GIBBS *v.* CITY OF SOCIAL CIRCLE *et al.*

No. 13554. NOVEMBER 12, 1940. REHEARING DENIED DECEMBER 13, 1940.

*A. M. Kelly* and *J. C. Knox,* for plaintiff.

*MacDougald, Troutman & Arkwright, Dudley Cook, C. W. Peebles, H. O. Godwin,* and *Henry H. West, solicitor-general,* for defendants.

DUCKWORTH, Justice. ■ Section 11 of the revenue-certificate law (Ga. L. 1937, pp. 761, 770) requires that the petition of the solicitor-general together with the order to show cause shall be served in the manner now provided by law for the service of petitions upon counties, municipalities, or political subdivisions; and that to such petition the officers of such municipality shall make sworn answer within the time prescribed therein. There is no statute in this State naming the officials of a municipality upon whom

suit or process must be served. In 44 C. J. 1475, § 4688, it is stated: "Service of process in an action against a municipal corporation should be made on the mayor or other head of the corporation, except, of course, where by statute provision is made for service on some other person or persons." In *Martin* v. *Tifton,* 6 *Ga. App.* 16 (63 S. E. 1132), it was held that the common-law rule is applicable to this question in Georgia; that that rule requires service to be made on a municipal corporation by serving its mayor or other head officer, as being the "most visible part of the corporation;" and that in the absence of a statutory provision this manner of service upon municipalities is still valid. Applying these rulings to the present case, service on the mayor of the City of Social Circle conformed to the provisions of the above act. Since service on the mayor met the requirements of law, the service on two of the councilmen did not affect the validity of service on the mayor. *Loughran v.* Hickory, 129 N. C. 281 (40 S. E. 46). Thus the court had jurisdiction in so far as service is concerned. The attack upon the judgment, based on the fact that only two of the four councilmen of the city acted with the mayor in making answer in behalf of the city, is answered adversely to the plaintiff by the recitals of the petition showing that a majority of the members of the council entitled to vote acted on behalf of the city. By section 27 of the act of 1904 creating the City of Social Circle (Ga. L. 1904, p. 626) the mayor is authorized to vote in case of a tie vote of the members of the council. The judgment of validation was not invalid for any of the reasons alleged.

■ While the revenue-certificate act is in many respects different from the law relating to bond issues, yet the provisions of both relating to the judgment of validation are substantially the same. The Code, § 87-305, declares that if no bill of exceptions be filed within the time prescribed by section 87-304, which is twenty days, the judgment of the superior court confirming and validating the issuance of bonds shall be forever conclusive upon the validity of the bonds against the county, municipality, or political division. This court has many times held that where bonds have been validated by a judgment of the superior court, citizens and taxpayers who could have become parties to the proceedings to validate the bonds, but who failed to do so, were concluded by the judgment and could not thereafter enjoin the issuance and sale of the bonds. *Baker* v.

*Cartersville,* 127 *Ga.* 221 (56 S. E. 249) ; *Lippitt* v. *Albany,* 131 *Ga.* 629 (63 S. E. 33) ; *Farmer* v. *Thomson,* 133 *Ga.* 94 (5) (65 S. E. 180) ; *Holton* v. *Camilla,* 134 *Ga.* 560, 571 (68 S. E. 472, 31 L. R. A. (N. S.) 116, 20 Ann. Cas. 199) ; *Thomas* v. *Blakely,* 141 *Ga.* 488 (81 S. E. 218) ; *Whiddon* v. *Fletcher,* 150 *Ga.* 39 (102 S. E. 350) ; *Dumas* v. *Rigdon,* 151 *Ga.* 267 (106 S. E. 261) ; *Jones* v. *Coleman,* 152 *Ga.* 795 (111 S. E. 377) ; *Goolsby* v. *Board of Drainage Commissioners,* 156 *Ga.* 213 (10) (119 S. E. 644) ; *Jenkins* v. *Savannah,* 165 *Ga.* 121 (139 S. E. 863) ; *Watts* v. *Cave Spring,* 177 *Ga.* 808 (170 S. E. 382). Section 14 of the revenue-certificate law declares that in the event no bill of exceptions shall be filed within the time prescribed by section 13, which is twenty days, the judgment of the superior court so confirming and validating the issuance of said certificates and the security therefor shall be forever conclusive against the municipality as to the validity of said certificates and the security therefor. The language of the two statutes being the same, the construction by this court of one is controlling on the construction of the other. Applying this rule, the foregoing decisions require a ruling that the judgment validating and confirming the certificates in the present case, not having been excepted to within the twenty days provided by the act, became binding and conclusive on the plaintiff in error, and he was not entitled to maintain the action to enjoin the issuance and sale of the certificates. Certainly every reason that would justify the rule as related to the bond issues should be applicable as related to the issuance of the certificates here involved. In the former the taxpayer whose property is made subject to taxation for the purpose of liquidating the bonds is more directly concerned than the taxpayer in the latter, whose property by the terms of the act can never be subjected to the payment of taxes for the liquidation of the revenue certificates.

It is insisted, however, that the rule making the judgment of validation conclusive is applicable only to matters of procedure and to questions as to the compliance with statutory requirements, and has no application to the right to attack the constitutionality of the law under which such procedure is had. This does present a rather close and perplexing question. Courts of other jurisdictions differ, each assigning persuasive reasons to support its position. The Supreme Court of Florida in Weinberger *v.* Board of Public In-

struction, 93 Fla. 470 (112 So. 253), in ruling on this question, said that where, as in that case, the maturities fixed by the issuing body are contrary to the express requirement of the constitution, such bonds are void ab initio, and can not be validated by curative legislation, and that a validating decree authorized only by legislative enactment, such as the one relied on, "is therefore ineffectual to bar an affected taxpayer, otherwise entitled so to do, and who did not intervene and raise such objection in the statutory validation proceeding, from subsequently resisting the issuance of the bonds on the ground that one of the essential and indispensable steps in the proceedings by which the bonds are to be issued was had in violation of a mandatory provision of the constitution, a noncompliance with which the complaining taxpayer can not waive." On the other hand, the Supreme Court of Mississippi in Love v. Yazoo City, 162 Miss. 65 (138 So. 600), held that a decree validating a bond issue by a municipality was res judicata of the validity of such bonds, and that a bill of injunction could not be maintained to raise constitutional questions as to the validity of such bonds, which were finally settled and conclusively adjudicated in the validation proceedings by the entry of such decree, in view of the statute of that State, which provides that if there is no appeal from the decree, the validity of such bonds shall be forever conclusive against the county, municipality, or district issuing the same, and their validity shall never be called in question in any court in that State. In the opinion the court said: "As a matter of experience, we know that much of the litigation that arose prior to the passage of this act was by injunction, alleging the invalidity of a bond issue, because same was in violation of some section of the constitution. A suit would be brought by a taxpayer after the bonds had passed into the hands of innocent purchasers when the tax levied thereon was about to be collected. The validation scheme provides an easy remedy for every taxpayer, whereby he may have his day in court, without the hazard and risk of seeking the aid of an equity court by injunction, and damages on the dissolution thereof. It provides a speedy and less expensive remedy for the taxpayer. There is no reason, in logic or in law, why the taxpayer should be permitted to decline to enter his appearance and objections in the validation proceeding, allow the decree there to be entered, and then make the formal attack which might have been made in that proceeding in spite of that decree,

and in an effort to evade it. The rule of res judicata or estoppel must be applied here in order that the wise policy of the law may be carried out; a termination of litigation." The Mississippi statute is similar to the Georgia statute. This court in *Goolsby* v. *Board of Drainage Commissioners,* supra, said: "Where bonds issued for the purpose of improving lands under the drainage laws of this State were duly validated, landowners whose property was to be improved by the proceeds of the bonds, who had notice of the validation proceedings, who failed to intervene in those proceedings, and who bring a petition to enjoin the collection of an assessment to pay the principal and interest due, will be estopped from attacking the validity of the legislative act under which the bonds were issued, on the ground that the act is unconstitutional." The rulings of this court in all cases cited are to the same effect, but not so clearly stated.

Court proceedings are expensive; and the legislature was perfectly justified in enacting the law which declares in effect that all parties who were entitled to a hearing in the validation proceeding on any question, including constitutional questions, who stood by refusing to urge the same, and permitted the court to proceed to judgment and the time for excepting thereto to expire, will not be permitted subsequently to present and have heard by the court complaints which he could have made in that proceeding. It follows that since the petition showed that a legal judgment validating the certificates had been rendered more than twenty days before the filing of the petition, and that it had not been excepted to, the plaintiff was precluded on all questions raised by the petition. The judgment sustaining the demurrer and dismissing the action must be      *Affirmed. All the Justices concur.*

BELL, Justice, concurring specially. In *Goolsby* v. *Board of Drainage Commissioners,* 156 *Ga.* 213 (10) (supra), it was held that where bonds issued under the drainage laws of this State were duly validated, landowners who had notice of the validation proceedings and failed to intervene therein were estopped from attacking the constitutionality of the statute under which such bonds were issued. The decision in that case was concurred in by all the Justices, and is binding here, provided it is applicable. While the provisions for validation were added by amendment to the drainage law and merely incorporated by reference other statutes

relating to validation, the writer is of the opinion that the ruling in that case is applicable in the case at bar, although the soundness of it is not conceded. It seems to the writer that the better view would be that if a statute as a whole is unconstitutional and provisions for validation are a part of it, any purported judgment of validation would not estop a taxpayer where he did not become a party to such proceeding, or where, if he did become a party, no question as to the validity of such statute was made and adjudicated against him. *Moore* v. *Wheeler,* 109 *Ga.* 62 (35 S. E. 116); *Griffin* v. *Eaves,* 114 *Ga.* 65 (39 S. E. 913); *McDonald* v. *State,* 126 *Ga.* 536 (55 S. E. 235); *State Board of Medical Examiners* v. *Lewis,* 149 *Ga.* 716 (2) (102 S. E. 24); *Andeppa* v. *Kidwell,* 179 *Ga.* 233 (175 S. E. 555); *Reynolds* v. *State,* 181 *Ga.* 547 (182 S. E. 917).

The writer is of the further opinion that even regardless of the ruling in the *Goolsby* case there is no merit in the present writ of error, for the reason that the statute here under attack is not unconstitutional as a whole, nor is the part of it relating to validation invalid as contended. There being no merit in the constitutional questions raised, then the judgment of validation did estop the plaintiff as to other questions. With this explanation and addition, I concur in the opinion as prepared for the court by Mr. Justice Duckworth, and in the judgment of affirmance.