25274. COX et al. v. GEORGIA EDUCATION AUTHORITY et al.

ARGUED JULY 15, 1969—DECIDED SEPTEMBER 8, 1969—
REHEARING DENIED SEPTEMBER 29, 1969.

*Albert E. Butler,* for appellants.

*Jones, Bird & Howell, Earle B. May, Jr., Richard A. Allison, King & Spalding, Robert L. Steed, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, H. Perry Michael, Assistant Attorneys General,* for appellees.

MOBLEY, Presiding Justice. This appeal is from a judgment on the pleadings in favor of the defendants.

The equitable complaint was brought by E. F. Cox, T. M. Herrin, V. Ammons, Mrs. Sarah Rowell, E. B. Carmichael, and Robert Peagler, as citizens and taxpayers of Ware County, against the Georgia Education Authority (Schools) and the Trust Company of Georgia. The complaint sought to cancel and set aside a sale of revenue bonds by the Authority to the Trust Company of Georgia, which included Revenue Bonds, Series 1967 B, in the principal amount of $732,000, issued pursuant to a contract between the Authority and the Ware County Board of Education; to temporarily restrain and permanently enjoin the Authority from "validating, selling or offering for sale any such bonds"; and to temporarily restrain and permanently enjoin the Authority and the Trust Company of Georgia from disbursing funds resulting from the sale of the bonds.

It is asserted that the bonds issued by the Authority exceed the debt limit imposed by Art. VII, Sec. III, Par. I of the Constitution of Georgia (*Code Ann.* § 2-5601), and that the system by which the Authority operates denies the complainants a republican form of government as guaranteed by Art. IV, Sec. 4, of the Constitution of the United States (*Code* § 1-407).

The defendants filed separate answers and motions for judgment on the pleadings, both defendants asserting that the com-

plaint showed that it was a collateral attack on validation proceedings. Judgment was rendered in favor of each of the defendants against the complainants on the motions for judgment on the pleadings.

The complaint shows that the bonds have been validated. In *Peagler v. State of Ga.*, 117 Ga. App. 821 (162 SE2d 11), the validation order of September 19, 1967, was affirmed. The opinion recites former litigation pertaining to the matter. The appellant in that case is one of the complainants in the present action.

Georgia Education Authority (Schools) bonds are validated in accordance with the procedure of the Revenue Certificate Law of 1937, as amended. Ga. L. 1951, pp. 241, 258 (*Code Ann.* § 32-1423a). With respect to the conclusiveness of such validation proceedings it is provided as follows: "In the event no appeal is filed within the time prescribed by law, or, if filed, the judgment shall be affirmed on appeal, the judgment of the superior court, so confirming and validating the issuance of said bonds and the security therefor, shall be forever conclusive upon the validity of said bonds and the security therefor against the municipality." Ga. L. 1937, pp. 761, 771; Ga. L. 1966, pp. 48, 51 (*Code Ann.* § 87-819).

In *Gibbs v. City of Social Circle*, 191 Ga. 422 (12 SE2d 335), it was held that a judgment of the superior court validating revenue certificates under the Revenue Certificate Law of 1937, as amended, unexcepted to, or affirmed on review, is conclusive against the municipality and the citizens of the municipality upon all questions, including the constitutionality of the statute under which the proceedings are had. See also *Dawson v. Hospital Authority of City of Augusta*, 212 Ga. 146 (3) (91 SE2d 12).

The order validating the bonds in the present case, affirmed by the Court of Appeals, was conclusive as to the validity of the bonds against the complainants herein, and the present action attacking the constitutionality of the issuance of the bonds can not be maintained. The trial judge properly entered a judgment on the pleadings in favor of the defendants.

*Judgment affirmed. All the Justices concur.*