27189.  MILLER et al. v. COLUMBUS, GEORGIA.

ARGUED MAY 8, 1972—DECIDED JUNE 15, 1972.

*Zachry & Land, Stephen A. Land,* for appellants.

*Lennie F. Davis, James H. Forte, Edwin Maner, Jr., Oliver, Maner & Gray,* for appellee.

MOBLEY, Chief Justice. This appeal is from the dismissal of the complaint of Estelle L. Miller and T. E. Miller against Columbus, Georgia.

The plaintiffs brought the complaint as citizens and taxpayers. They alleged that a deed executed by the city to Columbus Building Authority was illegal because of failure to comply with stated charter requirements; and that a lease contract between the Columbus Building Authority and the city was illegal for stated reasons. It was prayed that the deed and lease be declared illegal and void, and that the expenditure of public funds as rentals under the lease be prohibited.

By motion to dismiss the city filed a plea of res judicata, contending that the judgment in a validation proceeding had conclusively adjudicated all questions regarding the validity of the conveyance and lease, that this judgment was appealed to this court in Taylor v. State of Georgia and Columbus, Georgia, and the appeal dismissed by judgment of this court.

Thereafter the plaintiffs filed an amendment to their complaint asserting alleged fraudulent actions in connection with the deed and lease attacked in their original complaint, and praying that the deed and lease be declared fraudulent.

The court held a hearing on the plea of res judicata, sustained the plea, and dismissed the complaint, as amended.

■ The appellants assert that the court erred in granting the motion to dismiss on the ground of res judicata, as that plea is an affirmative defense, not properly the subject of a motion to dismiss.

The plea of res judicata is an affirmative defense (*Code Ann.* § 81A-108 (c); Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230), and is not one of the grounds of motion to dismiss set out in *Code Ann.* § 81A-112 (b) (Ga. L. 1966, pp. 609, 622; Ga. L. 1967, pp. 226, 231). Ordinarily the facts

necessary to establish the defense of res judicata must be developed upon the trial, but a complaint may be dismissed where it appears that a former adjudication has conclusively foreclosed any issue for trial. *Ezzard v. Morgan,* 118 Ga. App. 50, 51 (162 SE2d 793).

■ At the hearing on the plea of res judicata, the record in the proceeding to validate the bonds of Columbus Building Authority was introduced in evidence. The appeal from the judgment validating the bonds was dismissed by this court as not being timely filed. *Taylor v. City of Columbus,* 228 Ga. 493 (186 SE2d 539).

The Constitutional Amendment (Ga. L. 1966, pp. 946, 956) creating the Columbus Building Commission provides that the bonds to be issued by the Commission shall be confirmed and validated in accordance with the procedure of the Revenue Bond Law of Georgia (Ga. L. 1937, p. 761, as amended; *Code Ann. Ch.* 87-8).

*Code Ann.* § 87-819 (Ga. L. 1937, pp. 761, 771; Ga. L. 1966, pp. 48, 51) provides: "In the event no appeal is filed within the time prescribed by law, or, if filed, the judgment shall be affirmed on appeal, the judgment of the superior court, so confirming and validating the issuance of said bonds and the security therefor, shall be forever conclusive upon the validity of said bonds and the security therefor against the municipality."

The judgment of validation of the bonds of Columbus Building Commission, from which no timely appeal was filed, was conclusive on the question of the validity of the bonds and the security therefor. The appellants cannot maintain an action attacking the conveyance and lease which were adjudicated valid in the bond validation proceeding. Compare: *Gibbs v. City of Social Circle,* 191 Ga. 422 (12 SE2d 335); *Cox v. Georgia Education Authority,* 225 Ga. 542 (170 SE2d 240).

The trial judge properly dismissed the complaint.

*Judgment affirmed. All the Justices concur.*