41039. CHARLTON DEVELOPMENT AUTHORITY
v. CHARLTON COUNTY et al.
41040. JACKSONVILLE NATIONAL BANK v. CHARLTON
COUNTY et al.
(317 SE2d 204)

WELTNER, Justice.

Charlton County Development Authority (the Authority) and Jacksonville National Bank (the Trustee) appeal from a superior court judgment which declared two tax levy agreements between the Authority and Charlton County (the County) to be illegal and unenforceable.

The *first* agreement was specifically approved by a final judgment rendered in an action to validate certain of the Authority's bonds and their security, which provided in part: "It is further deter-

mined, declared, ordered and adjudged, as a matter of fact and as a matter of law, that the Authority and Charlton County (the 'County') have properly authorized and entered into a Tax Levy Agreement, dated January 6, 1981 (the "Tax Levy Agreement'), *referred to in and made a part of the pleadings in this cause*; that under the provisions of the Constitution and laws of Georgia, including without limitation the Act, the Authority and the County were duly and lawfully authorized and empowered to enter into the Tax Levy Agreement; and that the Tax Levy Agreement constitutes a valid, binding and legally enforceable obligation of the County and the Authority." (Emphasis supplied.)

The *second* agreement in no manner was mentioned in the order validating the bonds and security.

The Trustee and the Authority subsequently attempted to enforce the *second* agreement against the County. The County refused to levy taxes in accordance with the second agreement, and filed this civil action seeking judgment invalidating both tax levy agreements. In that action, the trial court declared *both* agreements invalid, all upon considerations which could have been — and should have been — asserted and adjudicated during the bond validation proceedings.

Charlton County was not party to the bond validation proceedings. Yet, it is bound by the judgment validating the bonds and the security, as it had both actual knowledge and statutory notice of the validation proceedings. All of the issues regarding the tax levy agreements which the County attempts to raise, could have been asserted therein, and any adverse judgment could have been appealed. OCGA §§ 36-82-76, 36-82-77, and 36-82-78; *Miller v. Columbus*, 229 Ga. 234 (190 SE2d 535) (1972). "The judgment of validation . . . from which no timely appeal was filed, was conclusive on the question of the validity of the bonds *and the security therefor*." (Emphasis supplied.) 229 Ga. at 236.

Accordingly, the trial court should have held that the *first* tax levy agreement, which was referred to in the pleadings and final judgment in the bond validation proceedings, was beyond challenge in the present case. The rights and duties of all of the parties to these appeals, including the County's obligations to levy taxes are thus fixed in accordance with the *first* tax levy agreement. Hence we need not here address any issue as to the validity of the second tax levy agreement.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 2, 1984 — REHEARING DENIED JULY 30, 1984.

*Kilpatrick & Cody, William B. Gunter, John B. Adams,* for appellant (case no. 41039).

*Fendig, McLemore, Taylor & Whitworth, Gilbert C. McLemore,* for appellant (case no. 41040).

*Thomas & Settle, Ronald B. Thomas, W. Vincent Settle III, King & Spalding, Pope B. McIntire,* for appellees.

*Jonathan W. Lowe, Walter E. Sumner,* amici curiae.