## S92A1513. AMBAC INDEMNITY CORPORATION v. AKRIDGE et al.
(425 SE2d 637)

FLETCHER, Justice.

Ambac Indemnity Corporation, an insurer of municipal bonds, appeals from the trial court's order declaring invalid a contract between Berrien County and the Berrien County Resource Recovery Development Authority and granting a permanent injunction prohibiting the levy of taxes to pay for revenue bonds for a recycling facility. We conclude that the validation order issued December 1, 1988, in the bond validation proceeding is conclusive on the validity of the contract and reverse.

The county and authority entered into an intergovernmental contract in November 1988 for the construction of a resource recovery system in Berrien County. The authority agreed to issue two million dollars in revenue bonds to finance and operate the system and to provide garbage and solid waste disposal services. In return, the county agreed to pay the authority any deficiency between the authority's revenues and the amount required to pay the principal and interest on the authority's bonds with the deficit to come from the county's general fund or tax proceeds. This contract served as security for the bonds. The Superior Court of Berrien County validated the contract and bonds in a court proceeding on December 1, 1988. *State v. Berrien County Resource Recovery Dev. Auth.,* Civil Action No. 88-C-332. Proper notice of the hearing was published; no one intervened, objected, or appealed the validation order. Following the validation, bonds were sold and Ambac issued a municipal bond insurance policy guaranteeing payment of the bonds.

Bobby C. Akridge, a taxpayer and county resident, filed this action in October 1991 against the Berrien County Board of Commissioners and the county tax commissioner, seeking declaratory and injunctive relief. Ambac intervened and moved to dismiss the complaint on grounds of res judicata, citing the validation order. In March 1992, Akridge moved to set aside the validation order on the grounds of fraud and mistake. The trial court found the bond validation proceeding was not controlling, declared the contract invalid, and granted a permanent injunction prohibiting the county from making payments to the authority or levying or collecting any tax to make payments. Ambac appeals.

1. The State Constitution requires the General Assembly to provide for "incontestable and conclusive" validation of revenue bonds.

Ga. Const., Art. IX, Sec. VI, Par. IV (1983). The Revenue Bond Law describes the finality of a judgment validating revenue bonds.

> If no appeal is filed within the time prescribed by law or if an appeal is filed and the judgment is affirmed on appeal, the judgment of the superior court confirming and validating the issuance of the bonds and the security therefor shall be forever conclusive against the governmental body upon the validity of such bonds and the security therefor.

OCGA § 36-82-78 (1987). This court has held consistently that this statutory provision prevents any collateral attack by the county, county residents, or taxpayers who had proper notice of the validation proceedings but chose not to intervene. See *Charlton Dev. Auth. v. Charlton County*, 253 Ga. 208, 209 (317 SE2d 204) (1984); *Gibbs v. City of Social Circle*, 191 Ga. 422, 424 (12 SE2d 335) (1940). " 'The judgment of validation . . . from which no timely appeal was filed, was conclusive on the question of the validity of the bonds *and the security therefor.*' (Emphasis supplied.)" *Charlton County*, 253 Ga. at 209 (quoting *Miller v. Columbus*, 229 Ga. 234, 236 (190 SE2d 535) (1972)).[1]

The December 1988 validation proceeding followed the statutory requirements of the Revenue Bond Law. See OCGA §§ 36-82-74 to 36-82-83. The superior court clerk published a public notice of the hearing in the official county organ two times during the weeks immediately preceding the hearing. See OCGA § 36-82-76. The advertisement satisfied the constitutional requirement of due process by giving residents and taxpayers adequate notice of the subject of the hearing and of their opportunity to be heard. See *Youngblood v. State*, 259 Ga. 864, 867 (388 SE2d 671) (1990); *Dawson v. Hosp. Auth.*, 212 Ga. 146 (91 SE2d 12) (1956). Despite the taxpayers' claim that they were not aware taxes could be levied, the contract and validation order state that the county may levy ad valorem taxes on all taxable property in the county to fulfill the county's obligations under the contract. These obligations require the county to pay the authority for any revenue deficiency necessary to meet the payment of principal and interest on the bonds.[2]

---

[1] See also *Cox v. Ga. Education Auth.*, 225 Ga. 542, 544 (170 SE2d 240) (1969) (rejecting subsequent equitable petition challenging the constitutionality of judgment validating bonds that the Georgia Education Authority issued on behalf of the Ware County Board of Education); *Dawson v. Hosp. Auth.*, 212 Ga. 146 (91 SE2d 12) (1956) (affirming dismissal of petition filed 38 days after entry of judgment validating revenue certificates issued under the Hospital Authority Act of 1941).

[2] The contract also requires the county to make additional payments to assure the continuous operation of the system unless the county and authority agree that it is in the best

Because the validation proceedings followed the statutory procedure, the superior court's validation order of December 1, 1988, is conclusive on the validity of the contract between the county and authority. See OCGA § 36-82-78. The order found that the contract was "a legal, valid, binding and enforceable obligation" of the county and that the county could levy taxes to fulfill its obligations under the contract. No one appealed the order. Having chosen not to intervene and appeal the validation order, Akridge is precluded from a collateral attack on the security for the bonds. See *Charlton County*, 253 Ga. at 209; OCGA § 9-11-60 (a) (Supp. 1992).

This preclusion is necessary to protect the ability of governmental bodies to obtain long-term financing in the bond market. Potential purchasers would be reluctant to invest in the state's bonds without the assurance that the revenue bonds and their security are not subject to collateral attacks after a court with proper jurisdiction has entered a final validation order. Any perceived risk in the revenue bonds as an investment would impede the ability of state and local governments to finance needed public improvement projects.

2. The taxpayers' attempt to set aside the validation order for fraud must also fail. A final judgment validating revenue bonds cannot be overturned based on a motion to set aside under OCGA § 9-11-60 (d). " 'Where there is a variance between an Act of the General Assembly and a Constitutional provision, the Constitutional provision prevails.' " *Bugden v. Bugden*, 224 Ga. 517, 518 (162 SE2d 719) (1968) (quoting *Whitman v. State*, 96 Ga. App. 730, 732 (101 SE2d 621) (1957)). Thus, the constitutional mandate that validation proceedings are conclusive takes precedence over the procedural rule that allows judgments to be set aside for fraud, accident, or mistake.

3. The validation order correctly found that the county has the authority to contract with the Berrien County Resource Recovery Development Authority to provide services for garbage and solid waste disposal in the county. The intergovernmental contracts clause of the constitution provides that any county

> may contract for any period not exceeding 50 years . . . with any . . . public authority for joint services, for the provision of services, or for the joint or separate use of facilities or equipment; but such contracts must deal with activities, services, or facilities which the contracting parties are authorized by law to undertake or provide.

Ga. Const., Art. IX, Sec. III, Par. I. The Georgia Constitution grants counties the power to provide "[g]arbage and solid waste collection

---

interests of the county's citizens to waive or amend the requirement.

and disposal." Ga. Const., Art. IX, Sec. II, Par. III. The Resource Recovery Development Authorities Law grants counties and resource recovery development authorities "the authority to enter into contracts, lease agreements, or other undertakings relative to the furnishing of project activities and facilities . . . for a term not exceeding 50 years." OCGA § 36-63-8 (a) (5). Therefore, the agreement between Berrien County and the authority is a valid intergovernmental contract under the State Constitution and statutes. As an intergovernmental contract, it does not constitute a debt in violation of the constitutional clause limiting local debt. See *Sheffield v. State School Bldg. Auth.*, 208 Ga. 575, 581 (68 SE2d 590, 595) (1952); Ga. Const., Art. IX, Sec. V, Par. I. Because the contract is valid and the bond validation order is conclusive, the trial court erred in granting injunctive relief and in denying Ambac's motion to dismiss with prejudice.

*Judgment reversed. Clarke, C. J., Hunt, P. J., Benham, Sears-Collins, Hunstein, JJ., and Judge Frank C. Mills III concur.*

CLARKE, Chief Justice, concurring.

I concur in the majority opinion. I write only to emphasize the words "forever conclusive" as they appear in the Georgia Constitution relating to bond validation orders. This plainly states a policy establishing finality of judgments which validate bonds.

Division 2 of the majority opinion discusses the superiority of the Constitution over statutes. In this connection I note an obvious truth that a statute is a mandate of the legislature as the people's representatives. A constitutional provision is not only a mandate of the people's representatives, but also of the people themselves. When the people ratify a constitutional provision, they speak in the most solemn voice they have at their command. The courts must hear that voice, and it must prevail. This opinion simply holds that the voice of the people is heard, and it is followed.

DECIDED FEBRUARY 5, 1993 —
RECONSIDERATION DENIED FEBRUARY 24, 1993.

*Sutherland, Asbill & Brennan, D. Robert Cumming, Jr., R. Michael Robinson, John H. Mobley II, Chambers, Rice & Rogers, Thomas C. Chambers III, for appellant.*

*Sutton & Slocumb, Berrien L. Sutton, Yancey, Perkins & Barnick, Howard E. Yancey, Jr., for appellees.*

*King & Spalding, Robert L. Steed, M. Robert Thornton, Sean R. Smith, Hurt, Richardson, Garner, Todd & Cadenhead, L. Clifford Adams, Jr., Paul M. Talmadge, Jr., Douglas P. Haines, Albert A.*

*Chapar, Jr.,* amici curiae.