S93A1949. NCNB NATIONAL BANK OF FLORIDA v. CHARLTON COUNTY.
(440 SE2d 13)

FLETCHER, Justice.

NCNB National Bank of Florida ("NCNB") and Charlton County (the "County") are once again before this court regarding the Railside Project Bonds and the Tax Levy Agreement (the "Agreement") executed in January 1981 in conjunction with the issuance of those bonds. See *NCNB Nat. Bank v. Charlton County,* 258 Ga. 74 (365 SE2d 436) (1988); *Jacksonville Nat. Bank v. Charlton County,*

253 Ga. 208 (317 SE2d 204) (1984). Pursuant to our directions in *NCNB Nat. Bank v. Charlton County*, the trial court entered its mandamus order on August 5, 1993, nunc pro tunc May 20, 1988. From such order, NCNB appeals.

The only issue on this appeal is whether the trial court correctly determined that the County's obligation to levy taxes under the Agreement terminates on January 6, 2001, 20 years from the date of the Agreement.[1] We find the County's obligation to levy the tax may be extended beyond the 20-year expiration date in certain circumstances. Accordingly, we affirm in part and reverse in part.

The Agreement imposes upon the County the obligation to levy an annual tax in an amount not to exceed 1.5 mills upon the failure of Railside Incorporated, the company for whose benefit the bonds were issued, to pay the amounts required to be paid under a corresponding note and loan agreement. Section four of the Agreement expressly limits the duration of the County's obligation to levy the tax, stating:

> This Agreement shall remain in full force and effect until the principal of, premium (if any) and interest on the Bonds have been fully paid or until provision has been made for payment thereof pursuant to the Indenture, or until the expiration of twenty (20) years from the date hereof, whichever first occurs. Upon the expiration of this Agreement, the obligations of the parties hereunder, including the obligation of the County to levy the Tax, shall cease and terminate, except to the extent that such obligations arose prior to the date of such expiration.

It is undisputed that Railside has failed to make any of the required payments and NCNB has accelerated all sums owed by Railside. NCNB contends that, because the entire debt has been accelerated, a tax levy obligation arose prior to the 20-year expiration date which requires the County to continue to levy the tax until such time as all of the principal and interest due on the bonds is paid in full. We are not persuaded by this argument. Under the terms of the Agreement, the determination of when the County's obligation to levy the tax expires turns on the question of when the County's obligation arises. The County is not a party to the note or the loan agreement and it

---

[1] Charlton County argues that this court held in 1988 that the Agreement expires 20 years after the date of its execution when we ordered the trial court to issue a mandamus absolute directing that past due interest be paid on a prorated basis over the life of the Agreement. That directive addressed only the payment of past due interest and ordered that the County be required to make such payments over the normal life of the Agreement. It neither interpreted nor affected section four of the Agreement regarding the circumstances in which the termination date may be properly extended.

did not contract to pay the entire indebtedness. Rather, the County's obligation to levy the tax arises from the Tax Levy Agreement itself, which provides that the County is obligated to levy the tax in a given year only after Railside fails to make the payments required under the note and loan agreement. Thus, the County's obligation arises anew on an annual basis only after Railside fails to make the required payments and, until Railside fails to pay, the County has no obligation which would extend the duration of the Agreement beyond its 20-year term. Acceleration of Railside's indebtedness to NCNB under the note and loan agreement does not create a county debt or a county obligation under the Agreement.

Although we find the trial court was correct in holding that no new obligation to levy may arise after January 6, 2001, 20 years from the date of the Agreement, the court failed to consider the County's obligation to levy the tax for those years for which the County failed or fails to timely levy and deliver the tax to NCNB. The County admitted at oral argument that it failed to levy the tax in 1983, 1984, 1985 and 1986. We hold that the County's obligation to levy the tax for those years arose prior to the expiration of the Agreement and, under section four, such obligations will not expire at the expiration of the Agreement's 20-year term. Likewise, should the County fail to fulfill its future obligations to annually levy and deliver the tax, any such obligation arising prior to January 6, 2001, the County shall be required to continue to levy the tax until its obligations are satisfied. We reverse that provision of the trial court's order which is contrary to our holdings in this paragraph and affirm the remaining portions of such order.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 21, 1994.

*Fendig, McLemore, Taylor & Whitworth, Gilbert C. McLemore, Jr.,* for appellant.
*Thomas & Settle, W. Vincent Settle III,* for appellee.